[Civ. No. 13184. Second Dist., Div. Three. Feb. 28, 1942.]

GEORGE E. BECK, Appellant v. TONY R. AZCARATE et al., Respondents.

Goble, Twitchell & Stephan for Appellant.

Smith & Smith for Respondents.

WOOD (Parker), J.—This action is to recover damages for personal injuries to plaintiff as the result of being struck by an automobile operated by defendant Cyphert and owned by defendant Azcarate. Plaintiff appeals from a judgment upon a verdict in favor of both defendants.

Plaintiff contends that the court erred in two respects: First, in giving an instruction that plaintiff was guilty of negligence if he failed to place warning flares in front of or to the rear of his truck tractor and semitrailer when it was disabled and parked at night upon the highway within the corporate limits of a city; and second, in refusing to instruct the jury upon the doctrine of the last clear chance. The first contention must be sustained.

About 11 o'clock p. m., on May 25, 1940, plaintiff was driving a truck tractor and semitrailer, 53 feet in length, in a southerly direction on U. S. Highway 101, and as he was entering the corporate limits of the city of Santa Maria one of the tires blew out. He ascertained that the blown tire was one of the dual set of tires on the right rear of the tractor. He then drove forward about 200 yards to a place where there was more light, and parked on the highway about four feet from the right hand curb in order to allow sufficient space in which to remove the blown tire. There were two street lights

near the place where he parked and a large neon sign and several small lights at an auto court across the highway. He then proceeded to remove a tire from a dolly wheel on the left side of the truck tractor to replace the blown tire, and while he was so engaged he was struck by an automobile which was driven by defendant Cyphert in a southerly direction. Defendant Azcarate was riding in the automobile.

It was uncontradicted that at the time of the accident plaintiff's truck tractor and semitrailer was disabled and parked upon the highway within the corporate limits of the city of Santa Maria and that warning flares or other signals had not been placed in the front of or in the rear of the truck tractor although there had been a reasonable time to place them. It was agreed that the unladen weight of the truck tractor, without the semitrailer attached, was over 4000 pounds.

The court gave the following instruction: ''You are instructed that section 590 of the California Vehicle Code, a part of the law of the State of California in force at the time of the happening of the accident here in question, provided in part as follows: 'Every *motor truck* (emphasis added) having an unladen weight of 4,000 lbs. or more . . . shall be equipped with and at all times carry at least two flares or two red lanterns, or two warning lights or reflectors, which reflectors shall be of a type approved by the department. When any vehicle above mentioned or any trailer or semi-trailer is disabled on the highway at any time from a half hour after sunset to a half hour before sunrise, a warning signal of the character indicated above shall be immediately placed at a distance of approximately 100 ft. in advance of, and 100 ft. to the rear of such disabled vehicle. The warning signals herein mentioned shall be displayed continuously during the times mentioned . . . while such vehicle remains disabled upon the highway.'

''Therefore, in this case, if you find that plaintiff's parked vehicle at the time of the accident was a *truck tractor and semitrailer* (emphasis added) and had an unladen weight of over 4,000 lbs. and that said vehicle was disabled and that plaintiff was making repairs on said vehicle and that plaintiff, after parking said vehicle and prior to commencing said repairs, did not place on the highway 100 ft. in front of or 100 ft. to the rear of said parked vehicle any flare, lantern, warning light or reflector, then, in that case, you must find

that the plaintiff was himself guilty of negligence in his failure so to do and if you find that his negligence proximately contributed in any degree or manner to the happening of the accident, then your verdict must be for the defendants.''

It will be noted that the instruction refers, in the first paragraph, to ''Every *motor truck* (emphasis added) having an unladen weight of 4000 pounds'' and then states that such motor trucks are required to carry flares and when disabled on the highway at night shall place flares at the front or rear of the vehicle. It will be noted further that the instruction then states, in the second paragraph, that ''Therefore, in this case, if you find that plaintiff's parked vehicle at the time of the accident was a *truck tractor and semitrailer* (emphasis added) and had an unladen weight of 4000 pounds . . . and that plaintiff . . . did not place . . . any flares . . . you must find that plaintiff was himself guilty of negligence . . .''

Appellant contends that the giving of this instruction was error for the reason that section 590 of the Vehicle Code does not require that warning flares be placed when a *truck tractor* is disabled at night within the corporate limits of a city.

Section 590 of the Vehicle Code upon which the instruction was based is as follows: ''Every motor truck having an unladen weight of four thousand pounds or more, and *every truck tractor irrespective of weight when operated upon any highway outside the corporate limits of any city or town,* (emphasis added) shall be equipped with and at all times carry at least two flares or two red lanterns, or two warning lights or reflectors, which reflectors shall be of a type approved by the department. When any vehicle above mentioned or any trailer or semitrailer is disabled on the highway at any time mentioned in section 618, a warning signal of the character indicated above shall be immediately placed at a distance of approximately one hundred feet in advance of, and one hundred feet to the rear of such disabled vehicle. The warning signals herein mentioned shall be displayed continuously during the times mentioned in section 618 while such vehicle remains disabled upon the highway.''

The time mentioned in section 618, above referred to is ''. . . from a half hour after sunset to a half hour before sunrise. . .''

It is clear from a literal reading of section 590 that *truck tractors* are required to carry flares *only* when operated out-

side the corporate limits of a city. In other words that a *truck tractor* operated within the corporate limits of a city is not required to carry flares. The case now before the court involves a truck tractor within the corporate limits of a city.

A comparison, however, of the instruction and the section indicates that the trial judge did not follow the literal reading of section 590 as it applies to *truck tractors,* but apparently construed the section in the manner now urged by the respondent, namely, that the term *"motor truck"* is a broad term which includes the term *"truck tractor,"* and that section 590 requires that a motor truck having an unladen weight of 4000 pounds or more must carry flares whether operated outside or inside the corporate limits of a city, and that a *truck tractor and semitrailer having an unladen weight of 4000 pounds or more* must carry flares whether operated outside or inside the corporate limits of a city. This construction cannot be upheld.

According to the Vehicle Code, sections 33 and 32.5, these vehicles are defined as follows: "A 'motor truck' is a motor vehicle designed, used or maintained primarily for the transportation of property," and, "A 'truck tractor' is a motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn." Inasmuch as both such vehicles are self-propelled and are used for property transportation, it may be considered in referring to such vehicles generally that a truck tractor and semitrailer attached constitute a vehicle which is for general intents and purposes and in appearance a motor truck. Section 590, however, refers to motor trucks and truck tractors separately and makes specific and different provisions as to each with respect to weight as a basis for determining when each should carry flares. Therefore, for the purposes of the section, that is, when flares should be carried by such vehicles, it cannot be held that the term motor truck includes the term truck tractor.

If, however, that were a proper construction to place upon those terms as used in that section, it would not mean that such a truck tractor and semitrailer must carry flares when operated within a city.

Respondents' contention that a truck tractor and semitrailer having an unladen weight of 4000 pounds or more must carry flares within a city, is based upon the construction, above stated, that a motor truck of such weight is re-

quired to carry flares when operated within a city, and that a truck tractor is a motor truck, and therefore, a truck tractor and semitrailer of such weight must carry flares within a city.

Apparently, the construction that a motor truck of such weight must carry flares whether operated outside or inside the corporate limits of a city, is based upon the fact that there is no comma in the first sentence of section 590 between the words "weight" and "when." Since the comma is not there, it is contended that the phrase "when operated upon any highway outside the corporate limits of any city" does not apply to motor trucks of such weight. If a comma were at that place the sentence would read: "Every motor truck having an unladen weight of 4000 pounds or more, and every truck tractor irrespective of weight, when operated upon any highway outside the corporate limits of any city . . . shall be equipped with . . . flares . . ." If the section were thus punctuated it would clearly express the undoubted intention of the legislature that both types of the designated vehicles should be required to carry flares *only* when operated outside a city. It is only the absence of a comma at that place which presents a question as to whether a motor truck is required to carry flares when operated within a city. It is conceded by respondent that there would not be such a requirement if there were a comma between the words "weight" and "when" in the first sentence.

While it is true that punctuation should be considered in interpreting a statute, it is not a controlling factor and is subject to the basic proposition that the legislative intent as expressed in the language of the statute governs. (*In re Sekuguchi* (1932), 123 Cal. App. 537 [11 Pac. (2d) 655].) In determining the legislative intent it is proper to consider the history, object and reasonableness of the statute, and if these factors reveal an intent that is not in harmony with the punctuation, then the latter must give way to the former.

The history of section 590 is that it first appeared in the Vehicle Code in 1935 and at that time it read as follows: "Every truck or commercial vehicle, operated on any highway outside the corporate limits of any city or town, shall be equipped with and at all times carry at least two flares. . . ." It is clear that the section as originally enacted applied to every truck and commercial vehicle irrespective of weight, and *only* when *operated outside the cor-*

*porate limits of a city.* It will be noted that in the 1937 amendment to section 590 (which is the section under consideration) that the words ''every truck'' in the 1935 section were replaced by the words ''every motor truck having an unladen weight of four thousand pounds or more,'' and the words ''commercial vehicle'' were replaced by the words ''every truck tractor irrespective of weight,'' and that the words ''operated upon any highway outside the corporate limits of any city or town'' were not changed but remain in the 1937 amendment. It will be noted further that there was a ''comma'' in the 1935 section immediately following the designation of the vehicles involved and preceding the words ''operated upon any highway outside the corporate limits of any city or town. . . .''

The evident object to be accomplished by the 1937 amendment was to exclude light trucks and small commercial vehicles from the requirement that they carry flares when operated outside a city, and to require large heavy trucks and truck tractors to carry flares when operated outside a city. In order to accomplish this a weight limit was set as to trucks, and no limit was set as to truck tractors, and the identical words relative to operating outside the corporate limits of a city were retained in the amendment. The Legislature undoubtedly intended that the requirement that flares be carried should apply not only to truck tractors *only when operated outside a city,* but should apply also to motor trucks having an unladen weight of 4000 pounds or more *only when operated outside a city.* Both parties concede that the 1935 section required flares *only* when the vehicles there designated were operated outside a city. There is nothing in the 1937 amendment to indicate that it was intended to change that feature of the 1935 section, except the omission of the comma.

The language of a statute must be given a reasonable interpretation. (Sec. 3542, Civ. Code; *Estate of Todd* (1941), 17 Cal. (2d) 270 [109 Pac. (2d) 913].) As previously shown, it is clear from the plain language of section 590, now under consideration, that truck tractors are required to carry flares *only* when operated outside a city. There appears to be no particular reason or any reason for a distinction between a motor truck and a truck tractor insofar as a requirement to carry flares in or out of a city is concerned. The reasonable interpretation to place upon the statute is that motor trucks likewise are required to carry flares only when operated outside a city. Therefore, if the truck tractor and semitrailer

operated by plaintiff be regarded as a truck tractor within the meaning of section 590, plaintiff was required by the plain language of the statute to carry flares only when outside a city, and if such vehicle be regarded as a motor truck according to the interpretation of the trial court (which is not upheld), the plaintiff was required to carry flares only when outside a city.

The first sentence of section 590 requires certain vehicles to be *equipped* with flares. The second sentence specifies *when* the flares, with which the designated vehicles are required to be equipped, must be *used*. The second sentence states: "When any vehicle above mentioned or any trailer or semitrailer is disabled on the *highway* [emphasis added] at any time mentioned in section 618, a warning signal of the character indicated above shall be immediately placed. . . ."

█ Respondent refers to the definition of the word "highway" in section 81 of the Vehicle Code, as follows: " 'Street' or 'highway' is a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." He contends that since the term "highway" is not defined as a street outside the corporate limits of a city that it must be presumed that the word "highway" in the second sentence of section 590 means a street or highway either in or out of a city. Since it is clear according to the literal reading of the first sentence that the Legislature required that truck tractors be equipped with flares only when operating upon a "highway" outside the corporate limits of a city, it is unreasonable to conclude that the legislature intended, by the use of the word "highway" in the second sentence, that a truck tractor which was not required to be equipped with flares when operating within a city should *use* flares when the truck tractor is disabled on a "highway" in a city. The only reasonable interpretation that can be given to the word "highway" as it is used in the second sentence is that it is the highway upon which the designated vehicles are required to be equipped with flares when operated, that is, the "highway" outside the corporate limits of a city. It would be unreasonable to expect that flares be used upon a highway where it is not required that flares be carried.

A consideration of the history, object and reasonableness of section 590 reveals a legislative intent that is not in harmony with the punctuation of the first sentence and there-

fore the omission of the comma between the words "weight" and "when" in that sentence should be disregarded and the section construed as if the comma were there.

The second contention of appellant is that the court erred in refusing to instruct the jury upon the doctrine of the last clear chance. By reason of the disposition that is made of this appeal upon the first contention of appellant there is to be another trial of the action, and inasmuch as the applicability of the doctrine of the last clear chance will depend upon the evidence as presented upon the re-trial, it is unnecessary to determine the second contention upon this record.

For the reason that the court erred in instructing the jury that the plaintiff was guilty of negligence if he failed to place warning flares in front of or in the rear of his truck tractor and semitrailer when it was disabled and parked at night on the highway within the corporate limits of a city, the judgment is reversed.

Schauer, P. J., and Shinn, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 27, 1942.