[Civil No. 1559. Filed December 18, 1918.]

[177 Pac. 19.]

C. D. YOUNG, Appellant, v. COLIN CAMPBELL and DAN CAMPBELL, Appellees.

1. NEGLIGENCE—BURDEN OF PROOF.—Where defendant in personal injury action pleaded contributory negligence, and admitted that plaintiff was injured, the only burden of proof remaining with plaintiff was proof of amount of damages suffered.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.—Defendant in personal injury action, who pleads contributory negligence, has burden of proving such negligence.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—Plaintiff in personal injury action who was himself negligent cannot recover, though defendant's negligence was concurrent with that of plaintiff, and though plaintiff's negligence was of a negative character, such as lack of vigilance.

4. NEGLIGENCE—PLEADING CONTRIBUTORY NEGLIGENCE—EFFECT.—In action for negligence, defendant admits negligence by pleading contributory negligence.

5. MUNICIPAL CORPORATIONS—STREETS—COLLISION—NEGLIGENCE PER SE. Violation of Civil Code of Arizona of 1913, paragraph 5134 (1), and City of Phoenix Ordinance No. 24, forbidding cutting of corner in turning automobile at street intersection, is negligence *per se.*

6. MUNICIPAL CORPORATIONS — STREETS — INJURIES — CONTRIBUTORY NEGLIGENCE.—Negligence of plaintiff in action for injuries at street intersection will defeat recovery, though defendant's negligence consisted of violation of Civil Code of Arizona of 1913, paragraph 5134 (1), and City of Phoenix Ordinance No. 24, forbidding cutting of corner in turning of automobile at street intersection.

7. MUNICIPAL CORPORATIONS — STREETS — COLLISION — CONTRIBUTORY NEGLIGENCE.—A motorcycle driver who collided with an automobile at a street intersection was not contributorily negligent where at the time of collision he was crossing the intersection at proper rate of speed, though he traveled at an excessive rate of speed before reaching the point of approaching the intersection.

8. MUNICIPAL CORPORATIONS—STREETS—COLLISION—INSTRUCTIONS.—In action for injuries in street intersection collision, instructions as to the proper rate of speed prior to approaching intersection were misleading; the only issue being the proper rate of speed in crossing the intersection.

9. MUNICIPAL CORPORATIONS—STREETS—COLLISION — ADMISSIBILITY OF EVIDENCE.—In action for injuries in street intersection collision, evidence of the rate of speed at which plaintiff traveled prior to reaching the intersection was inadmissible; the only evidence relevant on such issue being as to the rate of speed at which he traveled while crossing the intersection.

10. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—In action for injuries in collision at street intersection defended on ground of contributory negligence, instructions requiring plaintiff to prove negligence of defendants, where such negligence was admitted of record, was prejudicial to plaintiff.

[As to what constitutes voluntary exposure to unnecessary danger, see note in 95 Am. St. Rep. 379–381.]

APPEAL from a judgment of the Superior Court of the county of Maricopa. Frank H. Lyman, Judge. Reversed and remanded.

Mr. P. H. Hayes and Messrs. Alexander & Christy, for Appellant.

Messrs. Bullard & Jacobs, for Appellees.

CUNNINGHAM, C. J.—On the morning of the twenty-fourth day of November, 1914, the defendants were traveling in an automobile west on Adams Street holding to the north of the center line of said street, and in the direction of the intersection of Adams Street with Third Avenue. The plaintiff was traveling east on a motorcycle on Adams Street toward said intersection of said streets, and holding to a course of from 8 to 10 feet north of the south curb of Adams Street. The machine in which defendants were traveling, on approaching the intersection of said streets, turned to the left and in a direction and course so as to follow Third Avenue in a southerly direction. The motorcycle continued on its easterly course following Adams Street. The machines collided on the intersection of said streets, and as a result of such collision the plaintiff sustained serious injuries to his left hip, knee and ankle, and other serious external and internal injuries. That both Adams Street and Third Avenue at the said intersection are about 51 feet wide, and the distance from the southeast and the southwest curb corners is 38 feet to the center of the intersection. The plaintiff alleges that the cause of the said collision was the negligence of the defendants in turning the automobile between the center of the intersection and the southeast curb corner in direct violation of the law of the road as set forth in paragraph 5134(1), Revised Statutes of Arizona of 1913, and as supplemented by Ordinance No. 24 of the city of Phoenix. The place of the collision is within the corporate boundaries, and Adams Street and Third Avenue are public streets of said city of Phoenix, and therefore public highways. Hence, the complaint charges defendants with a violation of the laws regulating travel upon the intersection of public highways, and consequently with negligence.

In answer the defendants deny negligence, and as a special defense they allege that the plaintiff's negligence contributed to plaintiff's injuries. The particular negligence charged is that plaintiff was traveling in an easterly direction on Adams Street "at a high rate of speed, more than twelve (12) miles

per hour . . . and in disregard of the safety of the public and himself, and . . . did not exercise ordinary care in such traveling, and because of his failure to use ordinary care he was at fault and negligent, which negligent act was the direct cause of the collision.''

When the trial reached the point of offering evidence, the defendants' counsel said:

''Before the plaintiff puts on his case, in order to shorten his proof the defendant desires to make the following admission of record: The defendants admit the following allegations of plaintiff's complaint: 'And that the plaintiff was then and there thrown with great force and violence off and from said motorcycle and against said automobile and upon the pavement, and thereby the plaintiff then and there received and sustained serious internal and external injuries, and, by reason of the premises, the bones in plaintiff's left ankle and left knee were crushed and broken; a compound fracture of plaintiff's femur or thigh bone was produced; the plaintiff's left hip was crushed; his spine injured; and the plaintiff then and there sustained serious and painful bruises and contusions upon his limbs and body, and the plaintiff then and there became and was greatly and seriously injured, hurt, wounded, sick, sore, lame and disordered, and was compelled to and did undergo a number of dangerous and painful surgical operations, and was compelled to and did have removed portions of the crushed and broken bones of his left knee, and has ever since remained sick, sore, lame and disordered, and is now and will be for life, lame, sick, sore and disordered, and that plaintiff has, ever since receiving said injuries, suffered and undergone great pain and anguish of mind and body, and now suffers great pain and anguish of mind and body by reason of said injuries inflicted upon him as aforesaid, been and now is permanently injured and disabled, and has, ever since the infliction of said injuries upon him as aforesaid, been and as a direct result thereof now is and always will be disabled.'

''The defendant admits the allegations of the complaint just read to be true; that is, we admit the injuries as alleged in the complaint, but do not admit that the plaintiff is now or will be deprived of earning a livelihood or attending to his ordinary business. We do admit his injuries.''

With such admitted facts before the jury, the burden remained upon the plaintiff only to establish by evidence the amount of damages suffered by him. The said admission had the effect of limiting the scope of defendants' general denial to a denial of the permanent nature of the plaintiff's injuries as affecting his ability to earn a livelihood by following his ordinary business.

The issues raised by the special defense of contributory negligence were the controverted questions remaining for trial, the burden of which rested upon the defendants.

"The law of contributory negligence forbids a recovery by one, who by his own fault brings an injury upon himself. Contributory negligence on the part of the plaintiff necessarily assumes negligence on the part of the defendant. To bar a recovery by plaintiff, it is not necessary that his negligence should have been the sole cause of the injury, since contributory negligence exists if the injury be caused by the joint and concurring negligence of the person injured and defendant." 29 Cyc. 506.

"The universal rule is that, if negligence on the part of the person injured contributed to the injury, he is not entitled to recover therefor. The rule also applies, although the contributory negligence is of a negative character, such as lack of vigilance." 29 Cyc. 508.

The negligent act of which plaintiff complains, and which is in effect admitted by the defendants of record, and is also in effect admitted by defendants by means of their special defense of contributory negligence, consists of a violation of a statutory road law, and is therefore negligence *per se;* yet the well-recognized and established rule is that contributory negligence will defeat recovery in such circumstances. 29 Cyc. 508.

The dominating inquiry, therefore, was whether the plaintiff was guilty of negligence on his part which occurred and co-operated with the negligent act of the defendants as the proximate cause or occasion of the injury complained of. The contention of the defendants is that the plaintiff was traveling at a rate of speed greater than 12 miles per hour, and he failed to use ordinary care for the safety of himself and the public.

The law of the road regulating and limiting the rate of speed of motor vehicles at intersections of public highways

(par. 5134[2], Rev. Stats. Ariz. 1913) requires that "A person operating a motor vehicle shall . . . upon approaching a crossing of intersecting highways, at a speed not greater than is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

The regulations controlling traffic at intersecting highways prescribe the traveler's duties to the public then thereon. Under the regulations and the pleadings, the pertinent inquiry becomes: Whether the plaintiff traveled, after crossing the west line of Third Avenue over the west half of Third Avenue, at an excessive rate of speed exceeding 12 miles per hour, as alleged in the special defense. With reference to this vital question, the court instructed the jury as follows:

"A person operating a motorcycle shall have it under control upon approaching the crossing of intersecting highways, and shall operate it at a speed not greater than is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

This instruction fairly states the rule of the statute defining the traveler's duty with regard to speed at public highway intersections, except the rule is not limited to motorcycles, but applies to the speed of all motor vehicles crossing such intersections.

The defendants contend that the plaintiff was traveling at a rate of speed exceeding 12 miles per hour, and as rapid as 25 miles per hour from Fourth Avenue east along the south side of Adams Street toward the point of collision. On the other hand, the plaintiff offered testimony tending to show that he was traveling at a rate of speed not greater than 10 miles per hour. The testimony tending to establish the rate of speed at which the plaintiff traveled between Fourth and Third Avenues in the direction of the intersection of Third Avenue and Adams Street, and to the point of collision, is sharply conflicting. Clearly, this controversy arises out of an immaterial issue, the rate of speed traveled on a portion of the highway other than at the intersection of public highways.

In connection with the controversy which developed in such testimony, outside of the issues made in the pleadings, that is, the controverted question of the rate of speed traveled by plaintiff on Adams Street between cross-streets, the court instructed the jury that:

"It is admitted, gentlemen of the jury, that the territory contiguous to the street . . . where this accident occurred is what the statute describes as closely built up."

Many instructions were given on many questions. The jury retired and later returned into court requesting further instructions. The instructions that had been given the jury were read to them down to and including the instruction quoted. With reference to the nature of the contiguous territory, a juror asked:

"That speed of the motorcycle, one mile in six minutes—what place does that speed pertain to? At the impact of the accident, according to her that saw the machine, or what?"

The court thereupon read to the jury paragraph 5134(1), *supra,* and stated as follows:

"That applies to the place where the accident happened. It applies to the territory covered—any territory—by the evidence in this case."

By a Juror: "Any territory covered by the evidence in this case?"

By the Court: "Yes."

Thereupon the court modified said instruction by giving the following in lieu thereof, to wit:

"I instruct you that it would be negligence on the part of any person driving a motorcycle to drive it at the place in question at a greater speed than one mile in six minutes."

Thereupon the court repeats another paragraph of the instructions given, viz.:

"It is admitted in this case that the territory contiguous to the street where this accident occurred was closely built up at the time of the accident."

The plaintiff has assigned as error the orders of the court permitting Charles Gardiner, Dorris, Shaw and Murphy to testify as to the motorcycle experiments made by Gardiner in the riding and driving of a motorcycle. He complains of the following instructions given, to wit:

"No person shall operate a motorcycle on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person, or the safety of any property, or, in any event, on any public highway where the territory contiguous thereto is closely built up, at a greater rate than one mile in six minutes, or elsewhere in any

incorporated city or town at a greater rate than one mile in four minutes. It is admitted, gentlemen of the jury, that the territory contiguous to the street where this accident occurred is what the statutes describe as closely built up.''

The situation created by the testimony questioned, the court's application of the testimony with testimony of other witnesses to the scope of territory involved, and the several instructions applicable thereto, is one beyond the scope of the issues made in the pleadings and serves to include conditions in the case wholly foreign to the real issue on trial.

In the first place, the said statute regulating and defining the duty of the driver of a motor vehicle at the intersection of public highways within and without incorporated cities is found in subdivision 2 of paragraph 5134, as follows:

'' . . . Upon approaching a crossing of intersecting highways,'' the driver of a motor vehicle is required to travel ''at a rate of speed not greater than is reasonable and proper, having regard to the traffic then on such highway and the safety of the public.''

The closeness of the buildings on territory contiguous to the crossing of intersecting highways, and therefore the condition of contiguous territory as to the number of buildings thereon, is not an element to be considered in this case, for the reason the accident in question occurred on the intersection of public highways. The speed at which plaintiff was traveling prior to the time he was about to reach the point referred to in said regulation as ''approaching a crossing of intersecting highways'' had no bearing upon the issues in this case. Conceding that the territory contiguous to Adams Street between Third and Fourth Avenues is closely built up, and therefore to drive a motor vehicle along such portion of Adams Street at a speed greater than one mile in six minutes is negligence, yet if the driver of such motor vehicle on approaching the crossing of the intersection of Third Avenue and Adams Street he from that point traveled at a rate of speed not greater than was reasonable and proper, having due regard to the traffic then on such highway and the safety of the public, and was so traveling at the time of the collision, he was not negligent simply because he traveled at an excessive and negligent rate of speed before he reached the point of approaching the said intersection.

Clearly, the testimony which had for its purpose the establishing of the fact that plaintiff traveled at an excessive rate of speed before he reached the point of Adams Street when he can be said to be approaching the crossing of Third Avenue and Adams Street had no tendency whatever to establish the plaintiff's acts while passing over the highway intersection. When the court permitted Rankin, Gardiner, Dorris, Shaw, Murphy and other witnesses to testify with regard to the rate of speed in portions of the street other than at the crossing of said street it erred. When the court stated that the parties had admitted that the territory contiguous to the place of the accident is closely built up, the record does not confirm such statement, and further, if said fact is admitted or established by conclusive proof, it is irrelevant to the issue on trial. The statement by the court that the territory described in every part of the evidence is territory contiguous to the place of the accident, and to be considered by the jury as such and closely built up, is a clear broadening of the issues far beyond that made by the parties in their pleadings and has a clear tendency to confuse the jury. The evidence in question, with the conflicting instructions of the court, would mislead the jury and require them to find that the plaintiff was guilty of negligence contributing to his injuries, if they should find that he was traveling at a greater rate of speed than one mile in six minutes at any point along the south side of Adams Street before he reached the point of the street intersection. The evidence should have been confined to the question of the rate of speed at which the plaintiff traveled from the west side line of Third Avenue to the point of the collision, and the instructions given accordingly.

The instructions to the effect that the driver of a motor vehicle is prohibited from traveling over any of the territory mentioned in the evidence at a rate of speed greater than one mile in six minutes substituted the regulation governing speed along highways contiguous to territory closely built up, for the said rule regulating speed at highway intersections, the territory in question. In order that said special defense pleaded be available to defendants, they must establish by a preponderance of the evidence that the plaintiff was traveling at a negligent rate of speed at the intersection of Adams Street and Third Avenue; and that said excessive rate of

speed thus traveled proximately contributed to the collision and injury.

The plaintiff was clearly prejudiced by the instructions given and comments made by the trial judge. The instructions place upon the plaintiff the burden of establishing by a preponderance of the evidence the negligent acts of the defendants, while the defendants' negligent acts are admitted of record. Other questions are raised, and have been carefully considered; but the view we take of the facts, and have expressed above, requires a reversal of the judgment, and a new trial obviates the necessity of discussing the other alleged errors, for the reason that upon a new trial the same, if erroneous, will not again occur.

The judgment must be reversed, and the cause remanded for a new trial.

JOHN WILSON ROSS, J., concurs.

H. D. ROSS, J., being absent on account of sickness, took no part in the decision of this cause.

---

On the question of burden of proof as to contributory negligence, see comprehensive note in 33 **L. R. A. (N. S.)** 1085.