236 P.2d 739

**MOTORS INS. CORP. v. RHOTON et ux.**
**No. 5355.**

Supreme Court of Arizona.

Oct. 22, 1951.

Theodore G. McKesson and James D. McKesson, of Phoenix, for appellant.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, and Robert C. Kelso, of Springerville, for appellees.

LA PRADE, Justice.

This is an appeal from a money judgment on a verdict in favor of the appellees (defendants and counterclaimants below), and from the judgment denying the claim for damages on appellant's complaint. The appellant (plaintiff and counter-defendant below) instituted the action claiming money damages for injury to its automobile alleged to have been occasioned by the gross and wanton negligence of counterclaimants. The factual situation out of which the action arose is as follows: ·

Appellant's car was driven by its agent named Webb who on the 31st day of December, 1947 was proceeding in an easterly direction on the main highway numbered US 60–70 between the towns of Superior and Miami, Arizona. The scene of the accident was at a place called Williams Camp. Shortly before the accident, a Mrs. Clark was proceeding east on this highway. Due to the fact that the road in places was covered with snow and ice Mrs. Clark pulled off the paved surface of the highway *and stopped her car* practically adjacent and parallel thereto. She testified that due to the condition of the road she was afraid to proceed into a right-hand curve which was some 50 feet in front of her, and that she had intended to make inquiry as to the condition of the road ahead. She had been stopped only a few moments and while still sitting in her car saw the car of Mr. Webb coming from behind her and over a slight rise in the road some 100 feet behind her. Due to the slippery condition of the road (ice-coated) after passing over the rise, Mr. Webb's car began to skid and he was not able to bring it to a stop until he had contacted the right rear fender of the Clark car with his left front fender. His car barely came in contact with and made a small dent in the fender of her car. After

the cars came together, each of the parties alighted on the pavement and walked between the cars. The bumpers of the cars were then approximately a foot apart. Mr. Webb's car at this time was pointed in a southeasterly direction with the front wheels and the right rear wheel off the paved portion of the highway. His left rear wheel was approximately 2½ feet from the edge of the pavement, leaving his left rear fender protruding into the highway a distance of 3 to 4 feet. The paved portion of the highway at this spot was 20 feet in width. After passing between the cars, Mr. Webb and Mrs. Clark proceeded to stand off the highway to the south of their cars and at the time were exchanging introductions and observing what, if anything, had happened to the cars due to their having bumped together. It was at this time that the counterclaimants' car approached from their rear and smashed into the rear of the Webb car. Neither Mr. Webb nor Mrs. Clark saw or heard the approaching car. The force of the collision drove the front end of the Webb car into the rear end of the Clark car smashing and denting in the fender, trunk and bumper. Neither of the parties (Webb and Clark) knew what hit them but they found themselves on the ground and knocked several feet farther away from their cars. One of Mrs. Clark's shoes was thrown a distance of 50 feet. The Rhoton car (counterclaimants) skidded across the highway in a northeasterly direction, traveled 147 feet over a pile of limbs and debris and through an arroyo and up against a steep embankment, the top of which was some 8 or 10 feet above the bottom of the arroyo. When the Rhoton car came to rest, its front end was upon the bank with its rear end in the arroyo. The damage to the Rhoton car was so extensive it cost $425.37 to have it repaired. The damage to the Webb car was in the sum of $507.81.

Some nine months after the accident, plaintiff below filed its action for damages for injuries to its car, alleging gross and wanton negligence. Defendants filed an answer and counterclaim on November 1, 1948. By their answer they denied the allegations of negligence and as an affirmative defense alleged that the accident described in the complaint was caused by or contributed to by the careless and negligent conduct of plaintiff's agent in leaving a portion of the automobile parked on the paved portion of the highway. The defendant Lucy Rhoton claimed damages in the sum of $10,000 on account of personal injuries alleged to have been received by her. On February 11, 1949, being 13 months and 11 days after the accident and 3 months and 11 days after the defendants had filed their counterclaim for damages for the wife, they filed an amended counterclaim again setting up the negligence of agent Webb in leaving the car parked as he did, increased the claim of Lucy Rhoton from

$10,000 to $15,000, included a demand by Mr. Rhoton for $3,500 for personal injuries and $800 for loss of wages.

Photographs in evidence conclusively demonstrate the following physical facts: That the Webb and Clark cars at the time they were parked could have been seen from a distance of more than 400 feet by Mr. Rhoton as he approached; that the highway in this particular area was straight; that at the time that Mr. Rhoton was approximately 400 feet away from the Webb and Clark cars he was traveling slightly uphill; that the crest of the rise was approximately 300 feet in front of him; and that after crossing over the crest he had approximately 100 feet to travel before reaching the Webb car. It was on this down portion, the last 100 feet, that he encountered ice and snow. Rhoton testified that before and after he crossed over the rise in the highway he was traveling in second gear "just moseying up the hill; just poking in second gear". Both Mr. and Mrs. Rhoton testified that they did not see the Webb and Clark cars before reaching the crest of the rise and that as they approached the crest it was not possible to see anything ahead except the road. This statement is refuted by the photographs in evidence. "We are not bound, even as an appellate court, to believe a mere witness in a case when it appears from conclusive physical facts or otherwise patently that such witness is either perjured or clearly mistaken." Quoted with approval in Cope v. Southern Pac. Co., 66 Ariz. 197, 204, 185 P.2d 772.

Mr. Rhoton testified that after he passed the crest and while traveling on the ice his car began to skid and he *put on his brakes* and that from thereon out he had no control of the car. The sole negligence charged against the counter-defendant is that Webb left the rear end of his car protruding into the south portion of the highway a distance of 3 to 4 feet. Assuming that it did protrude a distance of 3 to 4 feet, that still left at least 16 feet of open and unobstructed highway in which Mr. Rhoton could have passed the parked cars. Counter-defendant, in its answer to the amended counterclaim, denied any negligence on its part and alleged that the accident was due solely to the gross and wanton negligence of counterclaimants.

At the close of the entire case, counter-defendant moved for a directed verdict on its complaint for property damage and for a directed verdict in its favor on counterclaimants' amended counterclaim. The predicate for the motion was that the uncontradicted evidence showed that the counterclaimants were guilty of reckless misconduct and gross and wanton negligence and that the accident was the result of their sole negligence. Counter-defendant also relied on section 66–116, A.C.A.1939, relating generally to motor vehicles and particularly to "stopping on highways". Both motions were denied and the jury returned a verdict in favor of counter-

claimants in the sum of $15,000, and denied any relief to plaintiff on its complaint for damages to its car.

Our statute relating to speed limit on highways is section 66–101, A.C.A.1939, which, in part, reads as follows: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing. Nor shall any person drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance upon or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care; provided, that this provision shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence upon the part of the defendant as the proximate cause of an accident. * * *" Section 66–116 reads as follows: "No person shall leave a vehicle parked, whether attended or not, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to leave such vehicle standing off said portions of such highway; in no event shall any person leave a vehicle standing, whether attended or not, upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle be left for free passage of other vehicles thereon. This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway to such extent that it is impossible to avoid temporarily leaving the vehicle in such position." Section 66–122 reads as follows: "The driver of any vehicle which collides with any person or any vehicle upon the highways, shall immediately stop, give his name and address, the names and addresses of all passengers, not exceeding five (5), in his vehicle and the registration number of his vehicle, to such person or to the occupants of the vehicle collided with, and shall immediately render reasonable assistance, including the carrying of such person to a physician for treatment, if such treatment is required or if carrying is requested by the person struck or by any occupant of the vehicle collided with. Any person knowingly violating this section is guilty of a felony and punishable by a fine of not more than five hundred dollars ($500) or by imprisonment for not more than two (2) years, or by both such fine and imprisonment, and for a second offense is punishable by imprisonment for not more than five (5) years."

At the time Mr. Webb and Mrs. Clark were standing beside their automobiles,

they were complying with the direction contained in the last above cited section.

■■■ Assuming it to be true that a portion of the Webb car was protruding into the highway a distance of 3 to 4 feet, that dereliction or failure to conform to the statute which requires that cars be parked off the highway was not in and of itself an act of actionable negligence, but could only be an act of actionable negligence if in fact it proximately caused or contributed to the accident and resulting injuries for which damages are sought. In our view of the evidence, it could have in no manner been an efficient or contributing cause to the accident. The physical facts demonstrate that Mr. Rhoton must have been driving his car at a high rate of speed and without due regard to the traffic, surface and width of the highway and other conditions then existing. After he saw the Webb car or could have seen it, he traveled a distance of approximately 400 feet. After passing the crest of the hill and before crashing into the Webb car, he traveled a distance of approximately 100 feet. In crashing into the rear of the Webb car with such terrific force that he bashed in its rear, caused the front of it to be bashed in when colliding with the Clark car, caused the Clark car to be bashed in, and then skidded a distance of 147 feet across the highway through an arroyo and up against 10-foot embankment where it came to rest, conclusively demonstrates that the accident was due to the sole, gross and wanton negligence of counterclaimants, as defined in Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 106, 166 P.2d 816; Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325.

In addition to these recitations, the following facts appear of record which further amplify and show counterclaimants' conduct was exceedingly reckless and abandoned. Between 200 and 300 feet before they approached the rise there was a speed limit sign of "35 miles per hour". Beyond that and before reaching the crest there was another road sign which indicated that the road was going to make a turn to the right; in fact, 50 feet beyond the point of impact the road makes a sharp downhill turn to the right. Counterclaimants' car at the time of the impact was careening and out of control. Had they not run into the Webb car, within an instant their car would have been into the curve, with no possibility of its staying on the highway and at a time when it might have been reasonably anticipated that other motorists might be approaching from the opposite direction.

■■■ We pointed out in Texas-Arizona Motor Freight Co. v. Mayo, 70 Ariz. 323, 220 P.2d 227, that where the accident is due solely to the negligence of the plaintiff and there is no showing of negligence of the defendant, the trial court should direct a verdict for the defendant. There being no evidence in this case from which the jury might properly infer that counter-defendant was guilty of any actionable

negligence which caused or contributed to the accident, there was thus presented no question of contributory negligence to be submitted to the jury under section 5, article 18 of the Constitution.

The judgment is reversed and remanded with instructions to enter judgment for counter-defendant, Motors Insurance Corporation, on counterclaimants' amended counterclaim, and to enter judgment for plaintiff and against defendants on its complaint for damages to its automobile in accordance with the proof.

UDALL, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.