241 P.2d 786

**ANDERSON v. MORGAN.**
No. 5428.

Supreme Court of Arizona.
March 17, 1952.

Rehearing Denied April 16, 1952.

Stockton & Karam, of Phoenix, for appellant.

Carl Tenney, of Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the superior court of Maricopa County; from an order denying appellant's motion to have the verdict and judgment entered thereon set aside; and from an order denying appellant's motion for a new trial.

The cause of action arose out of a motor vehicle accident occurring on East Baseline Road near Phoenix on November 11, 1948, in which appellee's intestate was killed while riding in a truck driven by appellant. Appellant was driving his truck in an easterly direction on the Baseline Road and collided with a Chrysler car driven by J. D. Collins traveling in a westerly direction on said road. The collision occurred near Tovrea Drive.

Appellee in her complaint relied upon an allegation of general negligence but in response to an order for a bill of particulars she specifically alleged that appellant was driving his truck while intoxicated which rendered him incapable of properly managing it; that his intoxicated condition impaired his judgment to the extent that when confronted with an emergency he was unable to, or failed to manage his vehicle so as to avoid the collision in which appellee's intestate was killed; that immediately preceding the collision he was driving his truck from one side of the road to the other and was not keeping a proper lookout for other traffic on the highway.

Appellant in his answer denied each and all of the allegations of negligence alleged in the complaint as amended by the bill of particulars. The cause was tried to a jury and resulted in a verdict for appellee and the judgment entered thereon from which this appeal is prosecuted.

Appellant has presented eleven assignments of error, the first five of which are directed at the alleged insufficiency of the evidence to justify the verdict and judgment rendered. We will direct our attention to these assignments first and will consider them together. This, of course, calls for an analysis of the evidence.

The specific act of negligence upon which appellee rests her case is that appellant was intoxicated at the time and incapable therefore of properly managing the motor vehicle he was driving and that his intoxication impaired his judgment to the extent that he was incapable of managing such vehicle so as to avoid the collision here involved.

First let us see what the evidence discloses relative to intoxication. The witness Soto, called by appellee, testified that he followed appellant from 16th Street east on Baseline Road to about 40th Street and that during that time appellant's truck was weaving back and forth from one side of the road to the other, sometimes off the pavement on the right or south side of the road and sometimes off on the north side, mostly on the right side. He observed no

weaving of the truck within about one mile of the point of collision but stated that appellant remained on his right side of the center of the pavement and that the impact seemed to be near the center of the road. The witness Ruth, a state highway patrolman, testified that he smelled a strong odor of whiskey on appellant both while he was removing him from the cab of the truck and when he was carrying him from the truck to the ambulance. Appellant testified that he had drunk only one bottle of beer during the day and that he was not intoxicated. The jury apparently found that appellant was intoxicated at the time. The evidence as above pointed out is in conflict on this point but we think it is sufficient to justify such a finding. In any event we are not at liberty to disturb the finding of the jury inasmuch as it is based upon conflicting evidence and there is substantial evidence to support it.

■ Having concluded that the evidence is sufficient to justify a finding by the jury that the appellant was intoxicated at the time of the accident and assuming that the jury so found, it follows that appellant was then and there negligent per se and if it was shown that such negligence was the proximate cause of the injury and death of appellee's intestate it was actionable negligence and in that event the verdict and judgment should stand. Motors Ins. Corp. v. Rhoton, 72 Ariz. 416, 236 P. 2d 739; Estes v. Davis, Tex.Civ.App., 28 S.W.2d 565; Davis v. Estes, Tex.Com. App., 44 S.W.2d 952.

■ The view that the violation of a statute constitutes negligence per se is supported by the majority of courts in this country. Anno. 132 A.L.R. 866; 28 Words and Phrases, Negligence Per Se, page 442 et seq. And we believe it to be appropriate at this time to correct a rule contrary thereto established by this court, in the case of McIver v. Allen, 33 Ariz. 28, 262 P. 5, 8, in which we said: "Driving on the wrong side of the road or at a rate of speed in excess of that provided by statute is not negligence per se, but will sustain a verdict only when it is shown that it was the proximate cause of the injury. * * *" No reference was made therein to the contrary rule laid down in Young v. Campbell, 20 Ariz. 71, 177 P. 19, which followed the majority rule. From the language used by the court in the McIver case, we are of the view that the court confused the term "negligence per se" with "actionable negligence." As pointed out above an act may be negligent per se and not constitute actionable negligence. It is only when an act negligent per se is shown by the greater weight of evidence to be the proximate cause of an injury that it becomes actionable negligence and liability arises therefrom. It was said in the case of Lee v. Georgia Power Co., 44 Ga.App. 435, 161 S. E. 851, 852, that: "The difference between negligence per se and other negligence is in

the mode of establishing it. In the one case the law itself establishes negligence when a certain act or omission is proved, while ordinarily the question whether a fact when proved constitutes negligence is left to the determination of a jury. * * *"

We again in the case of Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816, and in Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325, held that exceeding the speed limit fixed by statute was not negligence per se and cited in support thereof McIver v. Allen, supra. It is apparent from the language used in the Butane Corporation case our attention had not been called to Young v. Campbell, supra. In Motors Ins. Corp. v. Rhoton, supra, however, we recognized the distinction between "negligence per se" and "actionable negligence" and held, in substance, that although it may have been negligence (or negligence per se, if you please) to park any part of a car on the paved portion of a public highway in violation of the statute, it was not actionable negligence unless it was shown to have been the proximate cause of the collision and consequent injury suffered by the Rhotons.

As above stated an examination of the books will show that the great weight of authority in the United States is to the effect that the violation of a statute in the operation of an automobile constitutes negligence per se (authorities cited above). We therefore expressly repudiate the rule to the contrary as laid down in McIver v. Allen, Alabama Freight Lines v. Phoenix Bakery and Butane Corp. v. Kirby, supra, and reaffirm the doctrine in Young v. Campbell, supra, that the violation of a statute regulating the operation of a motor vehicle upon a public highway is negligence per se and when shown to be the proximate cause of an accident and injury, the person guilty of such negligence is liable in damages for the injury sustained. It is just as essential, however, to prove by a preponderance of the evidence that such negligence is the proximate cause of the injury as it is to prove the act of negligence itself. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201.

The next question presented is: Does the evidence substantially support a finding that appellant's operation of his truck upon the public highway at the time and place while intoxicated was the proximate cause of the injury and death of appellee's intestate? There is no dispute as to the physical facts upon which appellee relies to prove this fact nor is there any dispute in the oral testimony to the effect that the impact occurred south of the center of the pavement. The only difference in that particular being that one of the two eyewitnesses to the accident (Reson) testified that Anderson drove the truck off of the south edge of the pavement to try to avoid a collision with Collins' car whom he said was then trying to

pass another car going in a westerly direction and that the Chrysler at the time was entirely south of the center of the pavement while the other witness (Soto) said that the truck had been proceeding on the south half of the pavement for nearly a mile prior to the accident and that while he was so proceeding the truck collided with the Chrysler near the center of the pavement.

Let us now examine the physical facts to see if they substantially support the claim of appellee that the negligence of appellant was the proximate cause of the death of her intestate. The evidence disclosed that there was a small crescent shaped, concave mark in the pavement eight to 12 inches in length, the north end of which was 10 feet north of the south edge of the pavement. The witness Ruth testified that this crescent shaped mark or cut in the pavement was freshly made and indicated that some metallic material had cut it. What the witness described as a "small streamer" lead away from the cut in the direction of the vehicles, not particularly to either one of them, however. The pavement at that point was 21 feet wide. The witness' testimony therefore placed the north end of the cut six inches south of the center of the pavement. There was a shoulder on the south side of the pavement nine feet wide and one on the north side six feet wide. Half of either shoulder could be used by motor vehicles.

The damage done to the Chrysler car driven by Collins was to the front and left front. The damage done to the truck was to the left front and left side of the truck back to and including the left door of the cab. The Chrysler car was thrown back 17 feet south and east from the point of impact and was left somewhere on the pavement. The truck went south and east 27 feet from the point of impact. The oral testimony gives us no aid concerning the exact position of either vehicle on the highway or their relative positions to each other when they came to rest, but judging from photographs in evidence, the truck was pointing southeasterly and was mostly off the pavement with the rear wheels apparently resting on the shoulder near the south edge of the pavement. The Chrysler appeared to be approximately north and a little east of the rear end of the truck.

These are the physical facts about which there is no dispute. This being true it becomes our duty to determine if there is substantial evidence to support the finding that appellant's negligence was the proximate cause of the injury alleged. What can we logically infer from these facts? We can safely conclude, I believe, that the cut in the pavement was made by either the truck or the Chrysler car. The photographs show that the left front wheel of the Chrysler was folded back under the car toward the right front wheel with the rim thereon apparently

on or near the pavement. This could have produced the cut on the pavement, and the tire which does not appear from the photograph to be entirely deflated, could have produced the "small streamer" which is more particularly described as a glazed mark leading away from the cut in the pavement "as if something had been dragged over the surface of the highway." The left front wheel of the truck was doubled back under it and its location was not ascertained until the wrecker lifted the truck out of its position. Whether the truck wheel was found to be flat upon the ground or whether the tire was deflated is not disclosed by the evidence. It is reasonable to believe that the cut and marks on the pavement were made by either the left wheel of the Chrysler or the left wheel of the truck for the reason that the vehicles were both upright and no other metallic portions were shown to have contacted the pavement.

We cannot see, however, that it makes much difference whether it was the left wheel of the truck or the left wheel of the Chrysler car that made the mark leading away from the cut in the pavement. The fact remains that the only physical evidence indicating where the impact occurred is the concave mark on the pavement south of the center thereof and the "small streamer" leading away from it in the direction of the two motor vehicles where they came to rest. This we believe, when considered with the other physical facts and the testimony of the two eyewitnesses that the truck was at the time of the impact south of the center of the pavement conclusively shows that the Chrysler car was south of the center of the pavement at the time it collided with appellant's truck. If it was, it was there unlawfully and the truck was lawfully on the south side of the road. Appellant under these circumstances, is not responsible for the collision.

We therefore hold that, although appellant was found to be intoxicated, there is no substantial evidence in the record to support the finding that his operation of his truck at the time and place of the accident proximately caused the injury or death of appellee's intestate.

For the reasons herein stated the trial court erred in not granting appellant's motion for an instructed verdict both at the close of plaintiff-appellee's case and at the conclusion of all the evidence. In view of the conclusion here reached it is unnecessary to rule upon other questions raised.

Judgment reversed and remanded with instructions to enter judgment for defendant.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.