294 P.2d 674

**V. C. MUSGRAVE, Appellant,**

v.

**Robert G. GITHENS, Robert Grant Morris, and Hadley Auto Transport Co., a corporation, Appellees.**

No. 6007.

Supreme Court of Arizona.

March 13, 1956.

the left wheels on the paved portion of the highway. A Ford tractor and semi-trailer "carry-all" laden with automobiles, owned by the defendant corporation and driven by defendant Morris, was in the center lane of said highway and proceeding in the same direction, i. e., approaching plaintiff's truck. At this moment a third automobile going in the same direction, driven by defendant Githens, a young Luke Field airman, attempted to pass the Hadley "carry-all" truck on the right side thereof, collided with it and caromed off, striking plaintiff Musgrave who was at that time standing near the left side of his pickup truck. This collision, allegedly due to the negligence of defendants and each of them, occasioned the injuries complained of by plaintiff. The answers of defendants deny their negligence, or that their negligence, if any, was the proximate cause of said injuries to plaintiff or his truck. Defendant Githens pleads contributory negligence on the part of plaintiff. Various motions to dismiss were denied. The case was tried to the court, sitting with a jury, the trial lasting some five days. A unanimous verdict in favor of the defendants was rendered by the jury, and judgment that plaintiff take nothing was entered thereon. A motion for new trial was made and denied. This appeal followed.

Plaintiff Musgrave filed an affidavit of inability to give a cost bond on appeal, and presumably because of lack of funds no reporter's transcript of the proceedings had at the trial is before us. The record pre-

W. Roy Tribble, Chandler, and Wm. J. Richmond, Phoenix, for appellant.

Kramer, Roche & Perry, by F. Haze Burch, Phoenix, for appellees.

UDALL, Justice.

V. C. Musgrave, plaintiff-appellant, brought this tort action against Robert G. Githens, Robert Grant Morris, and Hadley Auto Transport Co., a corporation, defendants-appellees, seeking both compensatory and punitive damages in substantial amounts for personal injuries sustained in an automobile collision. The parties will hereafter be referred to as plaintiff and defendants.

According to the briefs and the other meager records before us, plaintiff, on July 22, 1953, was driving a Chevrolet pickup truck southeastward toward Phoenix on Grand Avenue, traveling in the extreme right-hand lane, when he ran out of gas and stopped his truck with the right wheels of said vehicle on the shoulder of the road and

190

sented consists only of the pleadings, the written instructions given by the court, a one-page transcript of the objection made by plaintiff to defendant's instruction No. 4, and a photograph, taken shortly after the collision, depicting the skid marks on the pavement and the three motor vehicles involved. It should be stated that plaintiff has seen fit to frequently change attorneys during the turbulent course of this litigation.

Plaintiff's two assignments of error are both directed to the trial court's giving of defendants' requested instruction No. 4, which reads as follows:

"Ladies and gentlemen of the jury, you are instructed that if you find from a preponderance of the evidence that plaintiff's motor truck was disabled upon the travelled portion of Grand Avenue, or the shoulder thereof, during daylight, and if you further find from a preponderance of the evidence that *plaintiff did not display two red flags upon the roadway in the lane of traffic occupied by his disabled motor truck, one at a distance of approximately 100 feet in advance of his vehicle and one at a distance of approximately 100 feet to the rear of his vehicle, then I charge you that such acts or omissions constitute negligence per se,* and if you find that this negligence *was a proximate or concurrent cause* of the accident and plaintiff's injuries, then your verdict must be for the defendants. 66–182a,

A.C.A.1939 [A.R.S. § 28–961]." Emphasis supplied.)

The instruction was allowed over the following objection of plaintiff:

"We object to the giving of defendant Githens' requested instruction No. 4 on the ground that in the construction of the statute 66–182a requiring a motor truck to display two red flags at a distance of approximately one hundred feet front and back, that the pickup truck involved in this accident belonging to the plaintiff is not such a vehicle as comes within the purview of the statute. In other words, a pickup truck is not a motor truck or such a vehicle as is required to have flags front and rear when upon the highway."

As to plaintiff's first assignment, defendants contend that the half-ton pickup truck owned and operated by plaintiff at the time of the collision is a "motor truck" within the provisions of Section 66–182a(c), A.C.A. 1939 (1952 (Cum.Supp.), upon which their instruction was founded. We are thus faced with a narrow question of statutory construction, namely whether the term used in that section encompasses a "pickup truck" such as that owned and operated by plaintiff, so as to justify the giving of defendants' instruction No. 4.

Speculation as to the legislative intent behind the term "motor truck" largely has been avoided by the applicable statutory definition found in Section 66–151c(a), A.C.

A.1939 (1952 Cum.Supp.), [A.R.S. § 28–602], to wit:

"Truck. Every motor vehicle designed, used, or maintained primarily for the transportation of property."

The sole evidence presented to this court as to the exact nature of the vehicle in question is the repeated designation "pickup truck" and a certain photograph of the scene of the accident. From the record it seems clear to us that the truck herein was either "designed, used, or maintained primarily for the transportation of property", and therefore is within the purview of 66–182a(c), supra. Even were we to take judicial notice—as did the Supreme Court of Tennessee—that pickup trucks are commonly used in this state as passenger vehicles for pleasure purposes, see Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell, 192 Tenn. 627, 241 S.W.2d 595, still, pursuant to the disjunctive phrasing of the statutory definition herein, an examination of the record clearly reveals the fact that plaintiff's pickup truck was obviously "designed * * * primarily for the transportation of property." From the photograph in evidence, which depicts wooden sideboards on the pickup and a light racing sulky therein, such was at least one of the uses to which it was being put at the time of the accident in question. We hold, therefore, that since the provisions of Section 66–182a(c), supra, applied to plaintiff's truck the instruction was not improper in that respect.

Plaintiff urges that pickup trucks should not properly be included within this section of the motor vehicle code. We are cited to the case of Gossard v. Watson, 128 Colo. 275, 261 P.2d 502, 504, where in a highly analogous situation the Supreme Court of Colorado said:

"Evidently the General Assembly in enacting this statute had in mind 'motor trucks' carrying heavy weights, or designed for transporting heavy loads. Normally these are vehicles of large size used for the purpose of transporting heavy materials and merchandise, as distinguished from an ordinary automobile with a wagon-shaped body such as plaintiff was using at the time of the accident as a means of personal transportation. Plaintiff's pickup was not a 'motor truck' within the meaning of the statute. [Citing cases.]"

The cases cited to support this proposition, to which we are further referred by plaintiff, are cases wherein a pickup truck has been held to be an automobile within the contractual provisions of insurance policies, the evident inference being that a "pickup" cannot thus be a "truck" within the meaning of such statutes. See, Gaumnitz v. Indemnity Ins. Co., 2 Cal.App.2d 134, 37 P.2d 712, cited Anno.: Accident Insurance—"Automobile"—"Car", 38 A.L.R.2d 867, 877. The Colorado court evidently felt these cases to be controlling, or at least indicative of legislative intent. However, we are here bound by the plain meaning of the controlling statutory definition. For cases supporting this view, see Pollard v.

Stansell, 169 Miss. 136, 152 So. 646; H. W. Bass Drilling Co. v. Ray, 10 Cir., 101 F.2d 316.

If this holding—that a "pickup truck" or other small commercial vehicle, irrespective of unladen weight, use, carrying capacity, or manufacturer's specifications, must at all times carry red flags and flares for use when disabled—comes as a surprise to the thousands of owners of such vehicles over the state, we point out that relief lies with the legislature and not with the courts, as it is our duty to interpret the law as written. Doubtless having in mind the popularity and extensive use—particularly in the West—of such motor vehicles for pleasure purposes, many state legislatures have more clearly defined what they meant by "motor truck". See, Beck v. Azcarate, 50 Cal.App.2d 264, 122 P.2d 933 and Gutierrez v. Koury, 57 N.M. 741, 263 P.2d 557.

■ The second assignment of error attacks the correctness of the following portion of instruction No. 4, supra, viz.: "and if you find that this negligence was a *proximate or concurrent cause* of the accident and plaintiff's injuries then your verdict must be for the defendants." The italicized portion which used the preposition "or" is obviously not a correct statement of the law, as the terms "proximate" and "concurrent" are in no sense synonymous, and a concurrent cause is not necessarily a proximate cause. Nevertheless, under our rules, this misstatement does not raise a proper issue for consideration on this appeal inasmuch as plaintiff did not—at the time the instructions were being settled—state "distinctly the matter to which he [now] objects and the grounds of objection." Rule 51(a), Rules of Civil Procedure. Nor does the fact that the error was first recognized and made one of the grounds for a new trial, cure the defect. We have repeatedly held that instructions not specifically objected to *at the trial* cannot be assigned as error on appeal under our rules of procedure. Sibley v. Jeffreys, 76 Ariz. 340, 346, 264 P.2d 831; Edwards v. Gaston, 75 Ariz. 131, 252 P.2d 786. By the same reasoning it follows that a specific objection to an instruction upon one ground does not raise an objection upon some other ground. Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199. Actually, such an objection is even more misleading than a general objection since inferentially it admits the instruction is in other respects correct. Plaintiff's objection set out, supra, did not inform the trial court of the specific defect now raised so that it had an opportunity to correct the instruction before reading it to the jury.

■ Furthermore, it should be pointed out that twice, elsewhere in the instructions, the court did correctly state the governing principle of law, viz.: it is only when an act negligent per se is shown to be one of the proximate causes of injury that it becomes, as here, a sound basis for a defense of contributory negligence. Cf. Anderson

v. Morgan, 73 Ariz. 344, 241 P.2d 786, re-affirming Young v. Campbell, 20 Ariz. 71, 177 P. 19. The universal rule is that court instructions must be considered as a whole. The test of correctness is whether, upon the whole charge, the jury will gather the proper rules to be applied in arriving at a correct decision. Daly v. Williams, 78 Ariz. 382, 280 P.2d 701; City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609.

Judgment affirmed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.