564 P.2d 900

**Patricia SMITH and Homer Smith, wife and husband, and Bob Smith, Appellants,**

v.

**Ronald Ray CHAPMAN and Roberta Chapman, husband and wife, Appellees.**

**No. 13056–PR.**

Supreme Court of Arizona, En Banc.

May 10, 1977.

Rabinovitz, Minker & Dix by Bernard I. Rabinovitz, Tucson, for appellants.

Fish, Briney, Duffield & Miller by Arthur H. Miller, Tucson, for appellees.

HAYS, Justice.

This tort action arose from an automobile accident which occurred on October 27, 1972. After a seven-day trial in September, 1975, a jury returned a verdict against Homer and Patricia Smith, plaintiffs below and appellants herein. Upon appeal, the Arizona Court of Appeals reversed and remanded for a new trial. We accepted a petition for review and vacate the opinion of the Court of Appeals. However, we also reverse and remand for a new trial.

The facts of the case are that a two-car collision occurred on or near a six-lane highway in Tucson, Arizona. Appellant Patricia Smith was pulling out of a motel driveway on a dark, cold, rainy October night, to cross the highway and go south. At the same time, the appellee, Ronald Chapman, was traveling in a northerly direction in the easternmost lane of the highway. Chapman claimed Smith was contributorily negligent in that she pulled out in front of him without warning, but he did not counterclaim for damages. Smith alleged in her complaint that Chapman was not only negligent in his driving, but by virtue of being intoxicated was so grossly negligent as to entitle her to punitive, as well as compensatory damages. She allegedly suffered a permanent disability of her right hand which resulted in her being unable to further pursue her career as a registered nurse.

One eyewitness, Mrs. Ranger, a night clerk at the motel from whose driveway Smith was exiting, testified that Chapman had his right directional signal on and began turning right into the motel driveway. At the same time, Smith began to pull out.

Mrs. Ranger testified Chapman suddenly changed directions and swerved left into Smith's car. It was also Mrs. Ranger's testimony that the accident occurred in the driveway of the motel. However, the Smith car ended up on the median in the middle of the highway, and the investigating highway patrolman was unable to determine the actual point of impact. Mrs. Smith testified she remembered only the impact, not where it occurred.

Both Mrs. Ranger, who saw Chapman after the accident, and the same investigating officer testified that Chapman appeared to them to be intoxicated. He failed several agility tests given him by the officer at the scene, and the results of a breath examination revealed Chapman was, indeed, presumptively intoxicated.

Appellees' evidence showed that Smith had a prior existing injury to the same hand allegedly damaged in the accident. It was also Chapman's testimony that he'd had only one twelve-ounce beer a couple of hours before the accident, that he never intended to, nor never did turn into the driveway of the motel, and that Smith negligently pulled out in front of him and he could not avoid hitting her.

At the close of the appellants' case, the appellees, husband and wife, moved for a directed verdict on the issue of punitive damages. The motion was granted as to both of them. The issues of appellee Chapman's negligence and compensatory damages were submitted to the jury, with an instruction on appellant's possible contributory negligence. The jury returned a verdict for the appellees.

Three issues were raised before the Court of Appeals:

(1) Did the trial court commit reversible error in directing a verdict for the appellees on punitive damages?

(2) Did the trial court err in refusing to instruct the jury that if they found appellee had been grossly or wantonly negligent, then appellant's contributory negligence was no defense?

(3) Did the trial court err in refusing to grant appellants' motion to voir dire

a juror during the trial, or in the alternative, for a mistrial?

Reversing on the first two issues, the Court of Appeals opinion did not go into the third at all.

The Court of Appeals held that "voluntary intoxication on the part of the operator of a motor vehicle involved in an accident proximately caused by his negligent operation of the vehicle constitutes a reckless disregard for the safety of others (wanton misconduct) and the court erred in denying the requested instruction. . . ." While we agree that the trial court erred in failing to give the requested instruction and by granting appellees a directed verdict on the issue of punitive damages, we do not agree that the Court of Appeals has properly stated the law in this area.

## DIRECTED VERDICT

We conclude, as the Court of Appeals, did, that it was erroneous for the trial court to direct a verdict against appellants and for appellees on the issue of punitive damages. We disagree, however, with that court's legal opinion that "intoxication plus negligent driving equals reckless disregard for the safety and rights of others," under all circumstances. The law of torts does not permit such a sweeping inference; it eliminates the necessity of showing proximate cause and makes a driver, who has had some alcoholic beverage previous to driving, an insurer in strict liability for punitive damages, whether or not the consumption of the alcohol has anything whatever to do with a subsequent accident.

■ Driving while intoxicated is a violation of A.R.S. § 28–692 and, as such, amounts to negligence per se in Arizona. *Anderson v. Morgan*, 73 Ariz. 344, 241 P.2d 786 (1952). Negligence per se does not, however, amount to actionable negligence.

"It is only when an act negligent per se is shown by the greater weight of evidence to be the proximate cause of an injury that it becomes actionable negligence and liability arises therefrom." *Anderson v. Morgan*, 73 Ariz. at 346, 241 P.2d at 787.

Proximate cause in Arizona has been defined as

". . . that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *McDowell v. Davis*, 104 Ariz. 69, 71, 448 P.2d 869, 871 (1969).

There may also be more than one "proximate cause" without which the resulting injuries would not have occurred. *McDowell v. Davis, supra.*

■ It is well-settled in Arizona that whether negligence is the proximate cause of the injury or damage is, generally, a question for the jury. *Stearman v. Miranda*, 97 Ariz. 55, 396 P.2d 622 (1964). It is equally true that a trial court should not remove the issue of wanton negligence from the consideration of the jury unless the evidence thereof is "slight and inconclusive bordering on the realm of conjecture." *Nichols v. Baker*, 101 Ariz. 151, 153, 416 P.2d 584, 586 (1966).

■ It is further the rule in Arizona that punitive damages may be recovered in tort actions. *McNelis v. Bruce*, 90 Ariz. 261, 367 P.2d 625 (1961). They are awarded for

". . . outrageous conduct, that is, for acts done with bad motive *or with a reckless indifference to the interest of others.* . . ." (emphasis added). Restatement of Torts, *Punitive Damages*, § 908, comment b.

Punitive damages are not permitted in Arizona for mere negligence· there also must be shown a reckless or wanton disregard of the rights of others. *Hall v. Motorists Ins. Corp.*, 109 Ariz. 334, 509 P.2d 604 (1973).

"Wilful misconduct means intentional, wrongful conduct, done either with knowledge that serious injury to another probably will result or with a wanton and reckless disregard of the possible results *and is essentially a question of fact.* [cite omitted]." (emphasis added). *Southern Pacific Transportation Co. v. Lueck*, 111 Ariz. 560, 563, 535 P.2d 599, 602 (1975), *cert. denied*, 425 U.S. 913, 96 S.Ct. 1510, 47 L.Ed.2d 763 (1976).

Under certain circumstances, driving while intoxicated can amount to gross, wanton and actionable negligence, and recovery may then be had for punitive damages. *Ross v. Clark*, 35 Ariz. 60, 274 P. 639 (1929). In *Ross*, the defendant was a licensed taxicab driver, taking passengers to and from the state fairgrounds in Phoenix. Vehicle and pedestrian traffic around the area was heavy. While obviously intoxicated, the defendant sped recklessly through the crowds and was driving on the wrong side of the street when he struck another vehicle head-on. It was easy for the jury to determine from those facts, that the driver's voluntary intoxication was an inherent part of the negligent acts which proximately caused the accident and resulting injuries, and that the defendant had acted in "reckless indifference to the interest of others."

It is also true in Arizona that driving while intoxicated does not *always* amount to actionable negligence, allowing the recovery of damages. *Anderson v. Morgan, supra.* In that case, while the evidence clearly supported a determination that the defendant driver was intoxicated, it did not support a finding that any of the acts of defendant, so intoxicated, proximately caused the accident in which he was involved. It was held, in *Anderson*, that a verdict should have been directed for the defendant at the close of the plaintiff's case.

We consider the hypothetical situation set forth by appellees in their motion for rehearing to be rather illuminating:

"Assume that a driver is negligent in maintaining the brakes on his car. He has had some minor problems over several months' time with the braking system which would put a reasonably prudent person on notice that the car's brakes had ought to be serviced, but he fails to do so. Thereafter, he experiences a complete brake failure while he is coming home from the annual New Year's office party, and rear-ends a car stopped on the roadway ahead of him. He has had enough to drink at the party to make him presump-

tively under the influence, but it is the sudden and complete brake failure which *causes* the collision."

Obviously the intoxication of the driver in no way brought about the brake failure which was the proximate cause of the accident.

Clearly, then, in Arizona, the complete failure of a plaintiff's proof to show that a defendant's intoxication contributed to the cause of the accident and injuries will permit a directed verdict for a defendant on the issue of damages. *Anderson v. Morgan, supra.* Likewise, the failure of the plaintiff's proof to show gross, wanton negligence (as it is defined by Arizona case law and the applicable Restatement of Torts sections) will permit a directed verdict for defendant on the issue of punitive damages. *Nichols v. Baker, supra.* However, a trial court may direct a verdict in favor of one party only where no evidence is introduced which would justify a reasonable man in returning a verdict for the opposing party. *Adroit Supply Co. v. Electric Mutual Liability Ins. Co.*, 112 Ariz. 385, 542 P.2d 810 (1975).

"It is well settled that a motion for a directed verdict admits the truth of all competent evidence introduced by the party opposing the motion, including all reasonable inferences to be drawn therefrom. Such evidence must be viewed most strongly against the movant and most favorably for the opposition. If, considering all the facts and circumstances, there is a reasonable likelihood that reasonable men may reach different conclusions, the question of fact in issue is to be decided by the jury." *Byrns v. Riddell, Inc.*, 113 Ariz. 264, 268, 550 P.2d 1065, 1069 (1976).

We think that clearly, in this case, the issue of wanton, gross negligence should have remained with the jury. Regarding Ronald Chapman's intoxication, there was testimony of the investigating officer, an eyewitness, and the person who administered the breathalyzer examination, as well as the results of the examination itself. All this evidence strongly suggested Chapman

was, indeed, seriously intoxicated. There was also the testimony of the eyewitness that Chapman's driving was erratic and unpredictable. From the appellant Patricia Smith's testimony, it reasonably and quite easily could be inferred that on this dark, rainy evening, Chapman was driving without his headlights on. If believed, there was sufficient evidence from which the jury could have found Chapman not only negligent, but grossly and wantonly so, and that voluntary intoxication brought about the acts which proximately caused the resulting accident and injuries. It was, therefore, error to direct a verdict on this issue.

■ It was equally error to direct a verdict for Roberta Chapman, Ronald's wife. The complaint names her, not as an individual and joint tort-feasor, but only to make it clear the action is one against the community. (There are no allegations in the complaint that the tort was also committed by her, or in her presence or with her consent or ratification). *See Spangler v. Glover*, 50 Wash.2d 473, 313 P.2d 354 (1957).

■ There is no question that under Arizona case law, punitive damages can be assessed against the community property if the husband's tort is committed on behalf of or in the interests of the community, or while on a community errand. *McFadden v. Watson*, 51 Ariz. 110, 74 P.2d 1181 (1938); *Hays v. Richardson*, 95 Ariz. 64, 386 P.2d 791 (1963), *modified on other grounds*, 95 Ariz. 263, 389 P.2d 260 (1964).[1] Therefore, a judgment for punitive damages could be had against her interest in the community and it was error to direct the verdict for either Ronald or Roberta.

## THE INSTRUCTIONS

■ Had there been no instruction on contributory negligence, it might not have been necessary to return this matter for retrial. Since there was, however, it is impossible for us to ascertain whether the jury found appellee was not at all negligent or if appellant was so contributorily negligent as to obviate appellee's negligence. Therefore, the action must be retried with *all* the pertinent instructions including one such as was requested by the appellants. That instruction would have charged the jury, pursuant to *Womack v. Preach*, 63 Ariz. 390, 163 P.2d 280 (1945), and the Restatement of Torts, § 482, adopted therein,[2] that the plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety. Appellees generously concede such an instruction would be appropriate if we found for appellants on the first issue, as we have.

It was, therefore, error for the trial court to refuse to instruct the jury in a manner such as that requested by the appellants and for that reason, too, we must order a new trial. The evidence supports the giving of such an instruction.

> "It is not necessary to the giving of an instruction that the evidence should establish conclusively the hypothesis stated in it; if there is any evidence conducing to establish the assumption it is sufficient to authorize the giving of the instruction, and it is for the jury to find whether the facts stated are made out by the evidence." *Reichardt v. Albert*, 89 Ariz. 322, 326, 361 P.2d 934, 937 (1961).

On retrial, therefore, it will be incumbent on the trial court to appropriately instruct the jury pursuant to *Womack v. Preach, supra*, and the Restatement section adopted therein.

Since we are remanding this matter on the first two issues, we find it unnecessary to meet the third.

Reversed and remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.

---

1. It is just as unquestionable that, without any indication Ronald was acting as Roberta's individual agent or that she subsequently approved/ratified his negligent acts, if any, there can be no recovery against her separate property. *Ruth v. Rhodes*, 66 Ariz. 129, 185 P.2d

304 (1947); *Bristol v. Moser*, 55 Ariz. 185, 99 P.2d 706 (1940).

2. Now, Restatement of Torts (Second) § 482, but identical to the original Restatement.