401 P.2d 150

**Leona Creason KOFF, Appellant,**

v.

**Aubrey Joseph JOHNSON, Appellee.**

**2 CA–CIV 25.**

Court of Appeals of Arizona.

April 21, 1965.

Chandler, Tullar, Udall & Richmond, Tucson, S. Thomas Chandler, Tucson, of counsel, for appellant.

Miller & Pitt, Tucson, Robert F. Miller, Tucson, of counsel, for appellee.

JOHN A. McGUIRE, Superior Court Judge.

This case was brought in the Superior Court of Pima County by Aubrey Joseph Johnson against Leona Creason Koff for the death of plaintiff's wife which occurred as a result of an automobile accident.

The trial of the case resulted in a directed verdict and judgment in favor of the defendant upon the ground that there was no evidence from which the jury could have found that the defendant's negligence, if any, was a proximate cause of the accident.

Upon motion for new trial the learned trial judge reached the conclusion that the direction of the verdict had been error and granted a new trial. From this order the defendant appealed.

The accident took place on Speedway, a through highway running east and west in Tucson at a point where it is intersected by Sycamore Avenue on the north and Longfellow Avenue on the south.

While the center lines of Longfellow and Sycamore Avenues prolonged do not coincide, and there is a slight offset, for all practical purposes it is a normal intersection of a side street with an arterial street. There were stop signs on both Sycamore and Longfellow but no traffic lights. At the point in question Speedway

is divided into four lanes of traffic, two in each direction; there is an island in the middle, with indentations for both east and west passing bays.

The inside westbound lane in which plaintiff was traveling was eleven feet six and one-half inches wide; the inside eastbound lane in which the Smyth car was moving was eleven feet nine and one-half inches wide; and the width of the island in the middle, plus the area reserved for a left turn bay, was twelve feet three inches.

The defendant, Mrs. Koff, was driving a short-based pickup in a southerly direction on Sycamore. Her vehicle was approximately fifteen feet in length. She reached the stop sign and brought her vehicle to a halt. Meanwhile, the plaintiff accompanied by his wife as a passenger, was driving his automobile westerly on Speedway while a Mrs. Smyth was driving her car on the inside eastbound lane and both of these cars were approaching the intersection.

■ The facts as stated in this opinion are those that a jury could have found, taking the view most favorable to the plaintiff. Evidence pointing to a contrary conclusion must be disregarded on an appeal of this nature.

There was evidence from which the jury could have found the following:

The defendant after having stopped, pulled out into the intersection intending to go across Speedway. She was unable to clear the intersection because the Smyth car was approaching and she stopped, completely blocking the lane of travel occupied by plaintiff, with the rear end of her vehicle projecting a foot or so into the lane of traffic to his right; at this time the plaintiff was 100 to 150 feet away and traveling 30 miles per hour. He had just passed a bus in the lane to his right and believed he could not safely veer into that lane. He made an emergency application of his brakes. It had been raining and the highway was slick. His car went out of control and swung over to the eastbound lane of traffic. It was hit broadside by the Smyth

car and plaintiff's wife was thrown out and killed.

Defendant concedes there was some evidence of negligence on the part of Mrs. Koff but strongly contends that there was no evidence from which the jury could find her negligence to be the proximate cause of the accident. Defendant cites the case of Motors Ins. Corp. v. Rhoton, 72 Ariz. 416, 236 P.2d 739 (1951). In the Rhoton case the highway was 20 feet in width, the parked car protruded into the highway a distance of only three to four feet. The car was visible from at least 400 feet away and the driver of the oncoming car was traveling at a high rate of speed. Under such a showing the Supreme Court held that any negligence in parking the car with a few feet of it encroaching on the highway was not a proximate cause of the accident that followed.

There are several features in which this case differs from the Rhoton case and it is necessary to explore the rules relating to proximate causation, where through negligence one party sets up a dangerous condition and another party, whether negligent or not, comes upon such condition and is injured by it.

In the extremely recent case of the City of Phoenix v. Camfield, 400 P.2d 115, decided March 11, 1965, the Supreme Court said:

"As this court said in Beltran v. Stroud, 63 Ariz. 249, 254, 160 P.2d 765, 767:

" 'There may be more than one proximate cause of an accident if each was an efficient one without which the injuries resulting would not have occurred. Sweet v. Perkins [196 N.Y. 482, 90 N.E. 50], supra. If the obstruction to the street or highway was unreasonable and required the deceased to walk in a dangerous place, and he was injured as alleged, the obstruction may be found to be one of the proximate causes. It is true, from the allegations of the complaint, that he was injured by an intervening cause, but if

that cause is of a nature which could reasonably have been anticipated, the earlier negligent act—the obstruction to the highway—if it contributed to the accident may also be regarded as the proximate or concurring cause. Garibaldi [& Cuneo] v. O'Connor [210 Ill. 284, 71 N.E. 379, 66 L.R.A. 73], supra. The question would appear to be one for the jury.' "

The Supreme Court also cited in that opinion the case of Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287 (1953), quoting that portion of the opinion on page 292 which holds:

"In applying the test of foreseeability to situations where a negligently created pre-existing condition combines with a later act of negligence causing an injury, the courts have drawn a clear-cut distinction between two classes of cases. The first situation is where one has negligently created a dangerous condition [such as parking the truck] and a later actor observed, or circumstances are such that he could not fail to observe, but negligently failed to avoid it. The second situation involves conduct of a later intervening actor who negligently failed to observe the dangerous condition until it is *too late* to avoid it. In regard to the first situation it is held as a matter of law that the later intervening act does interrupt the natural sequence of events and cut off the legal effect of the negligence of the initial actor. This is based upon the reasoning that it is not reasonably to be foreseen nor expected that one who *actually becomes cognizant* of a dangerous condition in ample time to avert injury will fail to do so." (Emphasis in original.)

In the Utah opinion immediately following these words the court said:

"On the other hand, with respect to the second situation, where the second actor fails to see the danger in time to avoid it, it is held that a jury question exists, based on the rationale that

it can reasonably be anticipated that circumstances may arise wherein others may not observe the dangerous condition until too late to escape it. The distinction is basically one between a situation in which the second actor has sufficient time, after being charged with knowledge of the hazard, to avoid it, and one in which the second actor negligently becomes confronted with an *emergency* situation." (Emphasis in original)

A jury could find that this accident occurred under circumstances that would put it in the second of the alternatives mentioned above.

■ Defendant contended that she stopped across the turn bay immediately to the south of the island but the jury could find that she stopped across the inside westbound travel lane and that plaintiff could not turn into the outside lane because of the bus. This is enough to raise a jury question under the authority above cited as to proximate causation.

■ Since a verdict can never be directed in Arizona for contributory negligence, the court can consider the question of the negligence of plaintiff only as bearing upon the proximate cause. There is enough evidence to take the matter of defendant's negligence to the jury. If the jury finds she was negligent, one of three conditions exists:

(a) Plaintiff was not negligent and defendant's negligence was the sole proximate cause of the accident.

(b) Plaintiff and defendant were both negligent and plaintiff's negligence was a proximate cause of the accident but defendant's negligence was also a proximate cause.

(c) Both were negligent but the defendant's negligence was only a remote and not a proximate cause of the accident.

If the sole logical conclusion from the evidence is that (c) is true, the directed verdict and judgment thereon should stand,

but for the reasons set forth above this is not the case.

The order·granting new trial is affirmed.

MOLLOY and HATHAWAY, JJ., concur.

Note: The Honorable Herbert F. Krucker being disqualified, The Honorable John A. McGuire, Judge of the Superior Court of Yuma County, was called to sit in his stead and participate in the determination of this decision.