409 P.2d 560

**Bruce R. GLASS and Theresa Glass, his wife, Appellants,**

v.

**Carl CARLBERG and Lucille Carlberg, his wife, Appellees.***

**No. 1 CA–CIV 88.**

Court of Appeals of Arizona.

Jan. 6, 1966.

Rehearing Denied Jan. 19, 1966.

Review Denied Feb. 10, 1966.

George T. Fike, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, D. W. Grainger, Phoenix, for appellees.

STEVENS, Chief Judge.

The jury returned its verdict in favor of the defendants in this personal injury action. Judgment was entered on the verdict, a motion for new trial was denied and this appeal was taken.

The plaintiffs Glass were proceeding in a westerly direction on Indian School Road in Phoenix in the evening of a dry clear day. The traffic to the west was impeded. The Millward car was immediately ahead of the Glass car in the same traffic lane and the car of the defendant Carlberg was to the immediate rear of the Glass car. There is some conflict in the evidence as to whether the Glass car stopped gradually or rapidly. When the Glass car was stopped or moving very slowly, it was struck from the rear by the Carlberg car and was propelled forward into the Millward car. Carlberg stated that his foot slipped off the brake pedal and possibly touched the accelerator and that before he could re-brake and bring his car to a stop,

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8322. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

the collision occurred. He further stated that but for his foot having slipped off the brake pedal, he could have stopped his vehicle without any contact with the Glass car. There was no evidence to indicate that Carlberg was an inattentive driver.

■ The plaintiffs allege that this fact situation establishes that Carlberg was negligent as a matter of law. We do not agree. His negligence was a question of fact to be resolved by the jury.

■ It is urged that the court erred in failing to give two of the plaintiffs' requested instructions. We have examined the reporter's transcript and the instructions and we are of the opinion that the issue as to the defendant's negligence was properly covered by the instructions.

■■ It is our opinion from the examination of the entire record that there was a fact question as to liability which was resolved by the jury. It is our opinion that the trial judge sitting as a 13th juror acted within the proper limits of judicial discretion in denying the motion for new trial. On appeal, we viewed the evidence in the light most favorable to the sustaining of the verdict and the sustaining of the order on the motion for new trial. Snyder v. Beers, 1 Ariz.App. 497, 405 P.2d 288 (1965).

The judgment is affirmed.

CAMERON, J., concurring.

DONOFRIO, Judge (dissenting).

I regret that I must dissent from the majority opinion for the reasons set forth below, although I concur that the fact situation does not present a case of negligence per se.

It is my opinion that the trial court erred in not granting the plaintiffs' motion for a new trial as the verdict is contrary to all the evidence. The rules that guide a trial judge in ruling on a motion for a new trial are well settled in this jurisdiction. The case of Brownell v. Freedman, 39 Ariz. 385, 6 P.2d 1115 (1932) states as follows:

"It must be remembered that a very different rule applies to the setting aside of a verdict by the trial court on the ground that it is contrary to the weight of the evidence and to the same action taken by this court. We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence. On the other hand, we have held with equal emphasis that it is not only the right of the trial court to set aside under such circumstances, but that it is its duty, and we have even gone so far as to express our regret that trial courts did not more courageously and frequently exercise their prerogative in this respect. Dennis v. Stuckey, 37 Ariz. 299, 294 P. 276. The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action. * * *." 39 Ariz. 389, 6 P.2d 1116.

And in the recent Supreme Court case of Meyer v. Ricklick, 99 Ariz. ——, 409 P.2d 280 (1965) filed December 29, 1965, that Court stated the duty of the Appellate Court in reviewing a judgment of the trial court.

"'In other words, we must view the evidence in a light most favorable to sustaining the verdict and *if there is any substantial evidence from which reasonable men could have found ultimate facts to be such as will sustain the verdict*, the judgment will be affirmed. Curlee v. Morris, 72 Ariz. 125, 231 P.2d 752.' [Stallcup v. Coscarart],

79 Ariz. [42], at 45, 282 P.2d [791] at 793." (Emphasis original.)

The defendant testified that he was going with the flow of traffic, which was heavy and that about forty-five feet separated his car and the plaintiff's car when defendant first realized he was going to have to stop.

Defendant then testified as follows:

"Q. And what did you next observe immediately before the accident, Mr. Glass—or Mr. Carlberg, excuse me?

A. Well, the car of Mr. Glass and Mrs. Glass came to an abrupt stop, and their lights, stop lights, went on, and their was nothing wrong with their signal system.

I attempted to stop my car in a normal fashion, and my foot slipped from the brake, and then I tried to re-engage the brake, but—I did, however it was not—I didn't do so sufficiently to stop the car."

Defendant further stated that had his foot not slipped off the brake he probably would have been able to stop without hitting plaintiff.

A fair interpretation of the defense would be that the foot slipping off the brake pedal was in the nature of an unavoidable accident. Under normal circumstances and conditions a reasonable person exercising ordinary care in the application of his brakes would do so in a manner that his foot would not slip off the brake.

I do not believe there is any substantial evidence from which reasonable men could have found that the defendant was not negligent.

In my opinion, there is not a scintilla of evidence of any other cause, and the Supreme Court in City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 (1965) stated that it is always error to give an instruction on unavoidable accident. This is not the type of a situation where unavoidable accident arises. In the absence of any other testimony the conclusion is inescapable in this particular case that the fact

that defendant's foot slipped off the brake pedal constituted negligence and that his negligence was the sole and proximate cause of the accident. Under such circumstances I feel it is an abuse of discretion not to grant a new trial.

I would reverse and remand for a new trial.