474 P.2d 460

**Charles SWEET and Carrol Sweet, husband and wife, Appellants,**

**v.**

**Gloria M. YBARRA and Guillermo Ybarra, husband and wife, Appellees.**

**No. 2 CA–CIV 829.**

Court of Appeals of Arizona, Division 2.

Sept. 25, 1970.

Kain & Geyler, by Sidney L. Kain, Tucson, for appellants.

Russo, Cox & Dickerson, P. C., by Vernon F. Dickerson, Tucson, for appellees.

KRUCKER, Judge.

Plaintiffs, Gloria Ybarra and her husband, sued defendants, Charles Sweet and his wife, for damages resulting from an automobile accident. The court directed a verdict for the plaintiffs as to liability and a jury fixed damages. Defendants now appeal the judgment, challenging the direction of verdict.

The accident occurred in a southbound freeway access lane between St. Mary's Road and Congress Street in Tucson. Plaintiff-wife had proceeded up the access lane followed by defendant, Charles Sweet. Heavy traffic already on the freeway prevented plaintiff or defendant from merging into the stream of traffic, so they slowly moved along this ingress lane. Plaintiff had proceeded about one-third of the distance when she came to a full stop. Defendant, his attention directed toward freeway traffic, saw her too late to avoid collision.

Defendants contend that the trial court erred in directing a verdict for plaintiffs as to liability. In particular, they contend there was evidence of Mrs. Ybarra's contributory negligence in her failure to give defendant warning she was going to stop, in her failure to see defendant's inattentiveness, and in her failure to thus continue ahead slowly.

■■ It is well established in Arizona that the question of contributory negligence cannot be resolved by the court; it must go to the jury if conflicting evidence thereof exists. Koff v. Johnson, 1 Ariz.App. 196, 401 P.2d 150 (1965). At the same time, it is error to submit contributory negligence to a jury where there is no such evidence. Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968); Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964). We therefore examine the record to see if any evidence of contributory negligence was present.

■ Mr. Sweet testified that he did not see Mrs. Ybarra signal to stop. She testified she signaled as she stopped, and the investigating officer testified her brake lights did work. Mr. Sweet, however, admitted that from the time she came up over the crest of the ramp until he saw her stopped, he did not look at her. He admitted he wouldn't have seen her signal. He also

admitted she was 75 to 150 feet ahead of him when he saw her stopped.

Plaintiff and defendant both were proceeding in a yield lane of traffic. Under these circumstances, plaintiff's choice to stop required no more than her signal and stepping on the brakes.[1] Cf., Buck v. Standard Oil Company of California, 157 Cal.App.2d 230, 321 P.2d 67 (1958) ; Blashfield, Automobile Law and Practice § 106.1.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

1. A.R.S. § 28–755 and § 28–756 do not require her to do more than flash her brake lights.