514 P.2d 497

**PINEWOOD DEVELOPMENT COMPANY,
a corporation, and Donald Monroe,
Appellants,**

v.

**Stephen E. TRUMAN, a minor, By and
Through his Guardian ad Litem, John C.
Truman; and John C. Truman and Helen
G. Truman, his wife, Appellees.**

**No. I CA–CIV 1965.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 2, 1973.

Rehearing Denied Nov. 6, 1973.

Review Denied Dec. 11, 1973.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by Richard McC. Shannon, Phoenix, for appellant Pinewood.

Renaud, Cook, Miller & Cordova, P. A., by J. Gordon Cook, Phoenix, for appellant Monroe.

Scoville & Hofmann, P. C., by Kenneth S. Scoville, Leroy W. Hofmann, Phoenix, for appellees.

## OPINION

OGG, Judge.

This is a negligence case in which the jury returned a verdict for the defendants and thereafter the trial court granted plaintiffs' motion for a new trial. The defendants now bring this appeal.

The plaintiff Stephen E. Truman—7 years, 3 months of age—was seriously injured while visiting two young friends who were washing golf balls inside the pro shop bag room at the Pinewood Country Club. He suffered a depressed comminuted skull fracture so severe it tore the dura, resulting in an estimated 3% to 4% brain weight loss which was extruded through the wound. The injury was inflicted by the defendant Donald Monroe who was working at the Pinewood Country Club as the assistant golf professional. Defendant Monroe testified that he entered the bag room carrying a 9 iron golf club in a normal, balanced fashion at his side so that the head of the club projected forward approximately 7 or 8 inches from his hand.

There is confusion as to exactly how the accident happened. Stephen states that

Monroe was swinging the club when he was struck; Monroe contends that he doesn't know how the accident occurred unless the boy moved into his path as he was walking into the bag room. Monroe testified that he never felt the club touch the boy and the first time he knew of the injury was when he heard Stephen make some noise and he turned to see blood running down the child's arm. No one testified seeing the boy move after Monroe entered the room. When questioned relative to Stephen's movement, Monroe testified:

"Q. You cannot tell this jury, then, that Stephen Truman moved between the time you first saw him as you entered the room and the time you next saw him when you saw the blood on his arm, right?

A. Yeah, that's right."

At the conclusion of the evidence the trial court, over the objection of the plaintiffs, instructed the jury on contributory negligence. After a jury defense verdict the trial judge granted plaintiffs a new trial on the basis that it was error to instruct the jury on contributory negligence and that the verdict of the jury was not justified by the evidence. We believe the trial judge was correct in granting plaintiffs a new trial.

Arizona appellate courts have uniformly held it to be reversible error and grounds for a new trial for a trial judge to submit the issue of contributory negligence to a jury when there is no reasonable evidence in the record to support it. Estabrook v. J. C. Penney Co., 105 Ariz. 302, 464 P.2d 325 (1970); City of Phoenix v. Brown, 88 Ariz. 60, 352 P.2d 754 (1960); Motors Insurance Corp. v. Rhoton, 72 Ariz. 416, 236 P.2d 739 (1951); Sweet v. Ybarra, 13 Ariz.App. 101, 474 P.2d 460 (1970).

The record in this case is devoid of any evidence showing plaintiff doing any act which would cause or contribute to his injuries.

An appellate court will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates the trial court's action is an abuse of discretion. Heaton v. Waters, 8 Ariz.App. 256, 445 P.2d 458 (1968). The trial court has wide discretion in granting a new trial and as long as the decision is based on reason and law the reviewing court will not interfere. Hardy v. Southern Pacific Employers Association, 10 Ariz.App. 464, 459 P.2d 743 (1969).

We find no abuse of discretion in the trial court court granting plaintiffs' motion for a new trial under the facts of this case.

The order of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.