691 P.2d 1112

**Myron D. MILLER and Mariana Miller, husband and wife, Plaintiffs-Appellees,**

v.

**Paul E. PALMER and Jane Doe Palmer, husband and wife, and the Orthopedic Clinic, Defendants-Appellants.**

**No. 1 CA–CIV 6084.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 11, 1984.

Review Denied Dec. 11, 1984.

Stephen H. Morris, Phoenix, for plaintiffs-appellees.

Teilborg, Sanders & Parks, P.C. by Frank A. Parks, Winn L. Sammons, Phoenix, for defendants-appellants.

## OPINION

CORCORAN, Judge.

The sole issue on this appeal is whether the trial court abused its discretion in denying a motion for new trial. We find that it did not and affirm the trial court order.

This medical malpractice action arose from the treatment by Paul E. Palmer, M.D., and the Orthopedic Clinic (Dr. Palmer-appellant) of a fractured arm that Myron D. Miller (Mr. Miller-appellee) sustained in an automobile accident. The arm healed with an outward bow or angulation for which he elected to undergo corrective surgery. During the surgery, the lower portion of Mr. Miller's arm was rotated, resulting in restrictions on the natural movement of the arm. The initial treatment of the fracture and the corrective surgery were both provided by appellant.

In October, 1978, Mr. Miller and his wife filed a medical malpractice action against appellant. A jury trial was conducted in November of 1980 and a verdict was returned in favor of Mr. Miller for $110,000. Appellant filed a motion for new trial which was denied by a minute order which also contains findings by the trial court (minute order). Subsequently rehearing was denied by formal written order. A timely appeal was taken from this order.

Dr. Palmer's arguments on appeal center on the denial of the motion for a new trial. He contends that the denial was an abuse of discretion given the factual and legal determinations outlined in the minute or-

der. It is necessary to present the order in some detail to fully discuss the issues. It provides:

It is clear from a review of the transcripts that several of the arguments raised by plaintiffs' counsel [Stephen H. Morris] were grossly improper and prejudicial.... The transcript does reveal, however, that almost all of the objections were sustained and at one point the Court admonished plaintiffs' counsel in the presence of the jury.

The Court has carefully reflected upon the trial and particularly the closing arguments of plaintiffs' counsel. There is a strong likelihood that the cumulative effect of the improper arguments could have resulted in a mistrial. Motion for Mistrial was never made during or after the closing arguments before the trial jury began its deliberations .... Since the overwhelming majority of the objections were sustained and since the defendant failed to move for mistrial during or after the closing arguments but rather chose to risk the vote of the jury, the Court feels that despite the prejudicial and otherwise improper arguments of the plaintiffs' counsel, the Motion for New Trial must be denied. There was sufficient evidence to demonstrate that the defendant doctor fell below the standard of care. There was also sufficient evidence to show permanent disfigurement and diminution of normal range of motion with the arm.

It is ordered denying defendants' motion for new trial.

After the trial court's ruling on his motion, Dr. Palmer filed a motion for rehearing on the ground that the trial court improperly concluded that failure to move for a mistrial precludes granting a new trial. Oral argument was heard on the motion and the motion was denied. There is no transcript of this hearing. Both parties presented proposed forms of order denying a new trial but the trial judge did not sign either proposed order. Appellants' proposed order stated that the motion for new trial was denied because Dr. Palmer had failed to move for a mistrial. The order which was signed by the trial judge simply states that Dr. Palmer's motion was heard and denied.

■ In considering this appeal we start from the principle that the denial of a motion for new trial based on improper argument by opposing counsel is a matter within the trial court's discretion. The trial court must determine whether the improper argument has materially affected the rights of the aggrieved party. We will not reverse the trial court's finding unless it is clearly incorrect. *Grant v. Arizona Public Service Co.*, 133 Ariz. 434, 451, 454–55, 652 P.2d 507, 524, 527–28 (1982). In discussing the meaning of "abuse of discretion" in this context, our supreme court stated that relevant factors include: (1) whether there has been an error of law committed in the process of reaching the discretionary conclusion, (2) whether the discretionary conclusion was reached without consideration of the evidence, (3) whether there has been other substantial error of law as part of or in addition to the misconduct, and (4) whether there is substantial evidence to support the trial court's findings. *Grant, supra*, 133 Ariz. at 455–56, 652 P.2d at 528–29.

■ Palmer first alleges that an error of law was committed. He characterizes the minute order as a determination by the court that no order for a new trial could issue because appellant failed to make a motion for a mistrial. We believe appellant's position conforms to the law: A motion for a new trial need not be predicated upon a failed motion for mistrial. *See Sanchez v. Stremel*, 95 Ariz. 392, 391 P.2d 557 (1964). Where the protesting party has made a timely objection, the assignment of error is preserved and may be renewed in a motion for a new trial. 1 M. Udall & J. Livermore, *Arizona Practice: Law of Evidence* § 12 (2d ed. 1982).

Appellant's interpretation of the minute order is incorrect however. We do not view the minute order as a statement that the trial court lacked the power to grant a new trial; rather, it listed various factors

which led it to the conclusion that the motion for a new trial must be denied. That constituted a valid exercise of the court's discretion.

Appellant's second contention is that the court failed to correct a fundamental error when it found that "arguments raised by plaintiff's [appellee's] counsel were grossly improper and prejudicial," but nonetheless refused to grant a new trial. This contention fits under the third factor listed in *Grant*, a substantial error of law as part of or in addition to the misconduct; or, as stated in rule 59(a), Arizona Rules of Civil Procedure, "for a cause 'materially affecting [the] rights ...' of the aggrieved party." *Zugsmith v. Mullins*, 86 Ariz. 236, 238, 344 P.2d 739, 740 (1959). Appellee's rebuttal that this is a "straw issue" misses the point.

■ In essence, appellant argues that once an error has been committed which is arguably characterized as fundamental, the trial court must grant a new trial. Where an uncorrected error goes to the foundation of a case, the appellate court will review and reverse regardless of whether error was assigned at trial. *State Consol. Pub. Co. v. Hill*, 39 Ariz. 163, 4 P.2d 668 (1931); *Wagner v. Coronet Hotel*, 10 Ariz. App. 296, 458 P.2d 390 (1969).

We note that counsel for appellee induced fundamental error by asking the jury to use a "juror" standard of care within the context of an unrelated, inflammatory matter instead of the proper legal standard of care.

> Are you people going to allow a given industry to regulate itself? ... Look what happened at the beginning of the week, the MGM Grand. It's inconceivable for you and I to let someone else regulate themselves when our life is affected.... I'm going to assess for myself what should be the standard of care of medical practice.

Appellant immediately objected to this improper line of argument and the trial judge instructed the jury as to the correct standard; this was reiterated later in the jury instructions.

■ Appellant's focus on the court's factual determination that appellee's closing argument was prejudicial is correct as far as it goes, but does not take into account the corrective admonitions by the court. The trial judge determined that his admonitions were sufficient. This, too, is a factual matter which we will not second-guess absent a showing of an abuse of discretion. We find that where a highly prejudicial error is made but corrected in a timely manner, there is no continuing fundamental error. This is contrasted with cases in which the trial court had no opportunity to correct the fundamental error, *Defnet Land & Inv. Co. v. State ex rel. Herman*, 103 Ariz. 388, 442 P.2d 835 (1968), the misconduct was so serious that no admonition could undo it, *Taylor v. Cate*, 117 Ariz. 367, 573 P.2d 58 (1977), or, the jury was allowed to decide the matter based on a fundamental error, such as an improper legal theory. *Wagner v. Coronet Hotel*, supra.

■ In so holding that even fundamental error may be corrected by the trial court, we realize that this places a correspondingly greater burden on the trial judge's exercise of discretion. Great deference is paid to the trial judge's decision as to the immediate disposition of an objection. *E.L. Jones Constr. Co. v. Noland*, 105 Ariz. 446, 466 P.2d 740 (1970). Similarly, in considering any motion resulting in a final order which rests on an assessment of the entire trial and of the cumulative effect of objections and admonitions, the matter is largely within the discretion of the trial court. *Mayo v. Ephrom*, 84 Ariz. 169, 325 P.2d 814 (1958). In the case at bar, the trial judge not only exercised his discretion, but also set out the factors which led him to deny the motion for a new trial. It was obviously a difficult decision.

■ The court was greatly troubled by the improper and prejudicial tactics of counsel for appellee. On the other hand, the trial court opined in the minute order that appellant chose not to make a motion for a mistrial as a strategic maneuver "be-

cause of what appeared to be a reasonably favorable defense case. The defense expectation backfired and the defendants now seek a second bite at the same apple."

As this court has previously stated, the exercise of discretion must be based on "reason and law." *Pinewood Dev. Co. v. Truman,* 20 Ariz.App. 544, 545, 514 P.2d 497, 498 (1973). That is, the trial judge must have sufficient articulable facts which are supported by an adequate legal rationale. Here, the trial judge's decision was grounded in part on the general principle that counsel abstains from objection at his own risk when gambling that a jury verdict will be in his favor. *Southern Arizona Freight Lines v. Jackson,* 48 Ariz. 509, 518, 63 P.2d 193, 197 (1936); *see also Helena Chem. Co. v. Coury Bros. Ranches, Inc.* 126 Ariz. 448, 616 P.2d 908 (App.1980). The trial judge's retrospection that he might have granted a mistrial if it had been requested is salt in the appellant's wound, but does not alter the legal underpinnings of the decision to deny a new trial. Where (1) the moving party got everything he previously requested, (2) there is sufficient evidence to conclude that any fundamental errors were corrected, and (3) the trial judge has the opportunity of hindsight to not only view the prejudice during closing argument but to view the whole trial in light of the verdict, the trial judge can consider the fact that no motion for mistrial was made in evaluating the circumstances of the case and the motion for a new trial.

On appeal, this court will view the record in a light most favorable to sustaining the verdict and an order denying a motion for new trial. *Home Indem. Co. v. Bush,* 20 Ariz.App. 355, 356, 513 P.2d 145, 146 (1973); *Glass v. Carlberg,* 2 Ariz.App. 401, 402, 409 P.2d 560, 561 (1966). As the trial court pointed out in its minute order, a review of the transcript of the closing argument by Stephen Morris demonstrates that there were numerous instances of improper conduct. We are of the opinion that there was no abuse of discretion which would mandate the granting of a new trial, either as it pertains to procedural error of law or fundamental error. The transcript reflects that objections to improper statements by Mr. Morris were sustained, he was admonished, and the jury was appropriately instructed by the court. The trial judge was in the best position to assess the effect of the improper conduct on the jury and he concluded that it did not require the granting of a new trial. We find no abuse of discretion by the trial judge in so concluding.

The judgment and order denying a new trial are affirmed.

MEYERSON, P.J., and BROOKS, J., concur.