NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

KELLY JOE PUCKETT, *Plaintiff/Appellee*,

*v.*

TIFFANY TYLONDA MANGHRAM, an adult woman; REESE
INTERNATIONAL TRUCKING INC., a foreign corporation,
*Defendants/Appellants*.

No. 1 CA-CV 24-0723

FILED 07-29-2025

---

Appeal from the Superior Court in Yavapai County
No. V1300CV202180364
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Jensen Phelan Law Firm P.C., Prescott
By Christopher W. Jensen, Sean Phelan
*Counsel for Plaintiff/Appellee*

Righi Fitch Law Group, P.L.L.C, Phoenix
By Richard Righi
*Co-Counsel for Defendants/Appellants*

The Cavanagh Law Firm, P.A., Phoenix
By Levi T. Claridge, Victoria R. Kelly, Karen C. Stafford
*Co-Counsel for Defendants/Appellants*

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Kent E. Cattani joined.

**F O S T E R**, Judge:

¶1 Defendants Tiffany Manghram and Reese International Trucking, Inc. ("Reese") appeal the jury's verdict awarding Kelly Joe Puckett $300,000 in damages related to a vehicular collision. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2 Puckett was driving a 1996 Ford F-250 pickup truck on the interstate when he was rear-ended by Manghram, who was driving a tractor-trailer owned by her employer, Reese. Damage to the Ford rendered it a total loss.

¶3 Puckett timely filed suit against Manghram and Reese for negligence. A few months before trial, Defendants amended their answer to admit negligence, which left only causation and damages at issue for trial. At the final pretrial conference, the parties discussed preliminary jury instructions with the court and provided proposed jury instructions, but the parties deferred discussion on loss of use and reasonable certainty instructions for the week of trial.

¶4 Throughout the four-day jury trial, both parties continued to discuss the jury instructions. The parties disagreed whether loss of use of the Ford was compensable and, if it was, whether evidence involving the rental value of a similar vehicle, and Puckett's use of the Ford in his hunting guide business, was relevant.

¶5 Before closing arguments, Puckett moved for judgment as a matter of law, which the superior court denied. Following release of the jury for deliberations, Defendants moved for a mistrial on the grounds that Puckett's attorney stated the jury should "send a message" with its verdict, despite punitive damages not being at issue. Defendants alternatively argued that if the error was not sufficient for a mistrial, the court should provide a curative instruction to the jury. The court denied both requests.

The jury found in favor of Puckett and awarded him damages totaling $300,000. Puckett had requested $572,529.23.

¶6            Following post-trial briefing, the court entered final judgment for Puckett in the amount of $333,546.60 that included: (1) $300,000 in damages from the jury; (2) $10,864.72 in "pre-judgment interest on [Puckett's] liquidated property damage claim"; (3) $5,809.18 in costs incurred; and (4) $16,890.70 in sanctions.

¶7            Defendants timely appealed and this Court has jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

¶8            Defendants challenge the jury award, arguing that the court (1) "incorrectly instructed the jury," (2) "erred [in] limiting testimony from [expert] Casey Franklin regarding loss of use," (3) "failed to issue a curative jury instruction" regarding closing arguments and (4) erred in not granting a mistrial for statements made during closing arguments.

## I.     Defendants waived their objection to the jury instructions.

¶9            Defendants argue the court "incorrectly instructed the jury as to Arizona law on the issue of loss of use." Whether a jury instruction correctly states the law is reviewed *de novo. Cavallo v. Phx. Health Plans, Inc.*, 254 Ariz. 99, 104, ¶ 15 (2022); *Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 199, ¶ 11 (App. 2010). It is "reversible error for the trial court to refuse to instruct the jury on a legal theory which is within the issues of the case and is supported by substantial evidence." *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 539 (1982). But a party objecting to a jury instruction must not only assert the objection on the record but must also state the issue and grounds for objecting. Ariz. R. Civ. P. 51(c)(1). A timely objection may be "made before the instructions and arguments are delivered to the jury." Ariz. R. Civ. P. 51(c)(2)(A) cmt. (pursuant to the 2017 amendment adopting Federal Rule of Civil Procedure 51); *see Henricks v. Acevedo*, 2 CA-CV 2022-0072, 2023 WL 3608261, at *2, ¶ 8 (Ariz. App. May 23, 2023) (mem. decision).

¶10            Here, the court held discussion regarding the appropriate language for the jury instruction, including application of the Restatement (Second) of Torts (1979) and Puckett's responsibility for mitigation of damages related to loss of use. Defendants proposed language for the reasonable certainty instruction which the court declined. But before opening statements commenced, the court asked the parties "do we have

approval of the preliminary jury instruction as presented to counsel?" Both parties answered "yes." The Defendants did not object when the preliminary instructions were given to the jury. Therefore, Defendants did not adequately inform the court of their opposition. *See Dawson v. Withycombe*, 216 Ariz. 84, 100, ¶ 40 (App. 2007) (party had preserved their objection on appeal when the party reiterated his argument to the court).

¶11 When the parties discussed the final jury instructions with the court, Defendants proposed an additional sentence to the loss of use instruction following Puckett's testimony on the third day of trial. The additional sentence read:

> Mr. Puckett is not entitled to loss of use for the 1996 Ford F-250 unless he proved that the vehicle was used for commercial purposes.

¶12 Defendants requested that the language "be included . . . so that the jury is instructed appropriately." The court denied the proposed sentence. The court then asked the parties if there was anything further—Defendants replied: "No." On the last day of trial, the court asked the parties if there was any disagreement "[w]ith respect to the final jury instructions. The version that we had from yesterday, are there any modifications to it?" Again, Defendants replied: "No."

¶13 A vague and broad statement that an instruction misstates the law is not sufficient to adequately inform the court of a party's objection. *See Spillios v. Green*, 137 Ariz. 443, 446–47 (App. 1983). In both instances, Defendants failed to adequately assert and preserve their objections to the court before it instructed the jury on loss of use. *See United Bank of Ariz. v. Wine*, 18 Ariz. App. 23, 24 (1972) (citations omitted) (appellate review must include both the proposed instructions and the objections raised; otherwise, no issue is preserved for review); Ariz. R. Civ. P. 51. Here, the court provided Defendants an opportunity to object and Defendants failed to do so. Ariz. R. Civ. P. 51(b)(3)(C).

¶14 Furthermore, Defendants cannot establish prejudice from the alleged incorrect instruction because there they did not request a special verdict. Where, as here, there is an argument that one theory of damages is not proper, "[a] request for special verdicts would have been the proper method of assuring that the award of damages was not partly based on a count which had been erroneously submitted to the jury. Not having asked for special verdicts, [a defendant] will not be heard to challenge the validity of the general verdict." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338,

341 (App. 1983). *See also Lohmeier v. Hammer*, 214 Ariz. 57, 62, ¶ 14 (App. 2006) (a general verdict reflects the jury's conclusion that all crucial elements have been proven in favor of the successful party). Defendants did not properly preserve an objection to the loss of use jury instructions, and they waived appellate review of the issue.

## II. The court did not err in limiting Defendants' expert opinion regarding the standard on loss of use.

**¶15** To support their argument that the loss of use instruction was error, Defendants contend the court (1) erred in limiting testimony from their expert Franklin on the loss of use standard and (2) failed to include a proposed loss of use jury instruction, based on Franklin's testimony, which they allege is consistent with the law. Courts review the exclusion of expert testimony for an abuse of discretion. *Webb v. Omni Block, Inc.*, 216 Ariz. 349, 352, ¶ 6 (App. 2007).

**¶16** In support of their first point, Defendants argue that the court's decision to limit Franklin's testimony on loss of use to only standard practices of the insurance industry misled the jury and was therefore error. Had the court not limited Franklin's testimony, Defendants contend, Franklin would have testified as to when damages are recoverable and calculated when evaluating loss of use in Arizona.

**¶17** A witness may be qualified as an expert due to the person's specialized knowledge if the expert will assist the trier of fact, "the testimony is based on sufficient facts or data," the testimony is formed through "reliable principles and methods," and the expert's opinion is reliable. Ariz. R. Evid. 702. "The trial judge must act as a gatekeeper by applying this rule to admit 'only relevant and reliable expert testimony.'" *State v. Carlson*, 237 Ariz. 381, 391, ¶ 25 (2015) (citation omitted).

**¶18** In Arizona, when a vehicle is damaged but repairable due to negligence, the property damage claim includes compensation for the cost of repairs, any remaining loss in market value after repairs and the loss of use of the vehicle during the repair period. *See Farmers Ins. Co. v. R.B.L. Inv. Co.*, 138 Ariz. 562, 564–65 (App. 1983). But Arizona has not squarely adopted a particular section of the Restatement relating to loss of use in cases where the harm results in a total loss. *Aztlan Lodge No. 1, Free & Accepted Masons of Prescott v. Ruffner*, 155 Ariz. 163, 165 (App. 1987) (in the absence of controlling law, courts look to the Restatement).

**¶19**        Here, the preliminary jury instructions suggested the jury follow Restatement § 931. The preliminary jury instructions, in relevant part, stated:

> Plaintiff Kelly Joe Puckett also claims that Defendant Tiffany Manghram and/or Reese International Trucking, Inc.'s negligence caused him to be unable to use his 1996 Ford F-250 pickup. The damage for a total loss of use of a vehicle is the reasonable cost to rent a similar 1996 Ford F-250 pickup for a reasonable amount of time.
>
> Plaintiff Kelly Joe Puckett is entitled to recovery for the loss of use of his 1996 Ford F-250 pickup even if he had a substitute vehicle that he used during the time period of deprivation. Plaintiff is not entitled to recover damages for any harm that he could have avoided by use of reasonable effort or reasonable expenditure after the collision.

**¶20**        Under § 931, when a party is entitled to judgment for the detention or interference with the use of property, the resulting compensation includes:

> (a) the value of the use during the period of detention or prevention or the value of the use of or the amount paid for a substitute, and
>
> (b) harm to the subject matter or other harm of which the detention is the legal cause.

Restatement § 931.

**¶21**        Defendants argue that Franklin should have been allowed to testify as to the "correct" standard of law rather than the preliminary instructions provided. They argue Restatement § 927 "is most applicable to this scenario." Section 927 states, in relevant part, that upon a judgment of conversion, *destruction* or impairment of a party's interest in property, the party may recover:

> (1)(a) the value of the subject matter or of his interest in it at the time and place of the conversion, destruction or impairment . . . .
>
> [. . . ]

6

[and] damages also include:

(2)(d) compensation for loss of use not otherwise compensated.

Restatement § 927.

**¶22**　　　Defendants assert that Franklin's testimony should not have been limited because "it was entirely appropriate for Franklin to testify on the topic given his expertise" and the "fact that the law in Arizona is undecided on whether loss of use damages are available for a totaled vehicle." But by the time Franklin testified, the jury had received preliminary jury instructions aligned with § 931. The court stated its unease with providing the jury a different standard through an expert who was not an attorney and could not speak to Arizona law. Had the court permitted Franklin to testify as to Defendant's understanding of the law, such testimony would have potentially confused the jury. *See Youngkin v. Maurer*, 74 Ariz. 67, 70 (1952) (jury instructions given by the trial court are applied as the law of the case unless and until determined otherwise by an appellate court); *see also Pacific Gas & Elec. Co. v. Alamanzo*, 22 Ariz. 431, 444 (1921) (an erroneous instruction is considered the law at trial "until reversed").

**¶23**　　　Even so, both sections of the Restatement provide for loss of use compensation. *Compare* Restatement § 927 *with* Restatement § 931. And, § 927 references § 931 to justify additional damages for the loss of use prior to payout or replacement. *See* Restatement § 927 cmt. o. Defendants did not demonstrate how the court's decision to limit Franklin was legally incorrect following their stipulation to the preliminary jury instructions. Therefore, the court did not err in limiting Franklin's testimony to the industry standard.

**¶24**　　　Next, Defendants argue the court erred in rejecting their additional jury instruction on commercial purpose for loss of use, based on Franklin's testimony. Specifically, Franklin testified that as an insurance industry standard, loss of use was only compensable if the damaged vehicle was used in a commercial enterprise and there was a loss of revenue from that enterprise. But Franklin's testimony was inconsistent. He initially testified that the loss of use standard required "the person that was claiming loss of use . . . prove that there was a commercial loss." He then stated that the standard practice was to compensate for three to five days of loss of use even where no commercial purpose existed. After Franklin testified, Defendants submitted their proposed jury instruction discussing commercial purpose from Franklin's testimony, which the court denied.

The court reasoned that Franklin's testimony gave "loss of use as separate from the reimburse[ment] for rental coverage" and that Franklin understood those as "two separate types of issues." Since Franklin's conflicting testimony did not establish a clear standard, and because § 927 does not limit recovery of damages for loss of use to commercial enterprises, the court did not abuse its discretion in not relying on it. *See* Ariz. R. Evid. 702 (b) (the testimony is founded on adequate facts).

### III. The court did not err in denying the motion for mistrial or declining to provide a curative instruction.

¶25 Defendants next contend the court erred in denying their motion for a mistrial or alternatively a curative instruction after the "send a message" statement made by Puckett's counsel during closing arguments. Defendants argue that Puckett's "send a message" statement "improperly suggested that punitive damages were available in this case" despite punitive damages not being at issue. Review of a denial of a motion for new trial is for abuse of discretion. *Leavy v. Parsell*, 188 Ariz. 69, 72 (1997). Accordingly, this Court will view the facts "in a light most favorable to sustaining" a denied motion for mistrial. *Miller v. Palmer*, 143 Ariz. 84, 88 (App. 1984).

¶26 The "send a message" statement made during closing arguments was in response to a similar statement made by Defendants during opening statements. During their opening, Defendants stated:

> And that number should be something that makes [Puckett] whole. That number should be fair. It shouldn't be a number that punishes my clients. It shouldn't be a number that *sends a message* to the trucking industry as a whole. It should be a number that makes Mr. Puckett whole.

 (emphasis added).

¶27 In response, Puckett stated the following during closing arguments,

> There was a worry that we were in this case—you heard it in the opening. This case—this case—don't buy it—don't send a message to the trucking industry. We're not sending a message to the trucking industry. The trucking industry don't care about this case.

8

But at least, according to . . . defense . . . [t]hey care about the case.

So we do want you to send a message. We want you to send a message that you, the jury, and this system works, and at the end of this case, [Puckett] was made whole.

¶28    A statement made during closing argument is proper when viewed "in the context of the manner in which the case was tried." *Cota v. Harley Davidson, a Div. of AMF, Inc.*, 141 Ariz. 7, 15 (App. 1984) (sending a message to the motorcycle industry was proper when punitive damages were not at issue because a theory defendant had was defective design). In the context of the trial as a whole, Puckett's statement during closing arguments was a response to Defendant's own opening statement. The context makes clear that Puckett's comment was a request to jurors to make him whole, which would establish that juries and "this system" work. The statement did not insinuate a call for punishment as Defendants suggest. Thus, it was not misconduct, and the court's denial of the motion for mistrial was not error.

¶29    Defendants alternatively argue the court should have provided a curative instruction. They reason that even if denial of a motion for mistrial was correct, the court should have provided a curative instruction "to ignore Puckett's improper statements." This Court reviews the superior court's decision to issue a curative instruction for abuse of discretion. *Zuluaga v. Bashas', Inc.*, 242 Ariz. 205, 210, ¶ 12 (App. 2017) (citing *Higgins v. Ariz. Savs. & Loan Ass'n*, 90 Ariz. 55, 69 (1961)).

¶30    A curative instruction is a remedy that ameliorates "any prejudice," *State v. Riley*, 248 Ariz. 154, 191, ¶ 144 (2020), and is "proportionate to the impropriety," *McCombs v. Joyce C. Miller Living Tr.*, 1 CA-CV 22-0634, 2023 WL 5229247, at *5, ¶ 27 (Ariz. App. Aug. 15, 2023) (mem. decision). The court's denial of a curative instruction is proper when those instructions are covered in other instructions to the jury. *See State v. Alvarez-Lopez*, 2 CA-CR 2022-0073, 2023 WL 5737330, at *6, ¶ 35 (Ariz. App. Sept. 5, 2023) (mem. decision) (court did not err in denying requested curative instructions when *Willits* instructions adequately instructed the jury regarding the State's duty).

¶31    Here, the "send a message" statement did not amount to an improper statement needing a curative instruction. Even if it did, the jury instructions did not direct the jury to consider punitive damages. The preliminary instructions informed jurors that "[s]tatements or arguments

made by the lawyers in the case are not evidence." The final jury instructions informed jurors that the lawyers' "opening statements and closing arguments . . . [were] not evidence." *See State v. Velazquez*, 216 Ariz. 300, 312, ¶ 50 (2007) ("Moreover, the jury was instructed that the lawyer's comments were not evidence, and [this Court will] presume that jurors follow their instructions."). Thus, the court did not err in denying curative instructions.

## IV.    Attorneys' Fees.

¶32       Defendants request costs incurred on appeal pursuant to A.R.S. § 12-341 and Arizona Rule of Civil Appellate Procedure 21. Because they are not the successful party on appeal, their request is denied. A.R.S. § 12-341. This Court awards Puckett his costs on appeal upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

¶33       For the reasons above, this Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR